SOL FINKELMAN, ALEX BLACK, NATHAN LAUF-
 BAUM, EDWARD M. FIDELMAN, DBA SOL FIN-
 KELMAN & CO., APPELLANTS, v. CLOVER JEWEL-
 ERS BOULEVARD, INC., A NEVADA CORPORATION,
 AND THE HOME INSURANCE COMPANY, RESPOND-
 ENTS.

No. 7717

March 12, 1975                    532 P.2d 608

*Beckley, Singleton, DeLanoy & Jemison, Chartered,* and *Lionel Sawyer Collins & Wartman,* of Las Vegas, for Appellants.

*Robert K. Dorsey,* of Las Vegas, and *John R. Lemen,* of Redondo Beach, California, for Respondents.

## OPINION

*Per Curiam:*

In the course of certain extensive and numerous pretrial proceedings respondent moved for and received an order for the production of certain documents. This was only one of many in-court maneuvers in which both parties participated equally. In this one instance, however, the copies of the documents produced were ruled illegible, unintelligible, unidentifiable and so badly reproduced as to be worthless for examination. On that the trial court ordered appellants' answers stricken and default entered. Subsequently, the court also later refused to set aside the order entering default and after taking evidence entered judgment against the appellants in the amount of $791,665.29. Understandably, they appeal.

The general rule in the imposing of sanctions is that they be applied only in extreme circumstances where willful noncompliance of a court's order is shown by the record. Societe Internationale, Etc. v. Rogars, 357 U.S. 197 (1958); General Dynamics Corp. v. Selb Manufacturing Co., 481 F.2d 1204 (8th Cir. 1973), cert. denied, 414 U.S. 1162 (1974); Dorsey v. Academy Moving & Storage, Inc., 423 F.2d 858 (5th Cir. 1970); Bon Air Hotel, Inc. v. Time, Inc., 376 F.2d 118 (5th Cir. 1967); Halverson v. Campbell Soup Company, 374 F.2d 810 (7th Cir. 1967); Owens-Illinois, Inc. v. Lewis, 260 So.2d 221 (Fla. 1972); Rio Grande Gas Company v. Gilbert, 491 P.2d 162 (N.M. 1971); Oaks v. Rojcewicz, 409 P.2d 839 (Alaska 1966).

We find nothing in the record that indicates willful disregard of the district court's order to produce documents. The appellants within the 30 days given to produce the documents partially complied with the court order but apparently due to problems encountered in the microfilming of the documents a

certain portion of the documents produced were illegible. This, coupled with a very close time factor and present inability to readily produce the documents requested, accounted for the faulty evidence. The trial court gave no opportunity to redo the documents, neither do we perceive any prejudice (at least none was shown) in giving the appellants the chance to do so.

We have here (in contrast to Skeen v. Valley Bank of Nevada, 89 Nev. 301, 511 P.2d 1053 (1973)) an incident where the parties have partially complied with the court's order and have provided an explanation for their failure to fully comply. This, of course, negates willfulness.

Further purported issues need not be discussed.

The order entering judgment and entry of default are set aside and the matter is remanded for further proceedings.