KELLY BROADCASTING CO., INC., a Nevada Cor-
poration, Appellant and Cross-Respondent, v.
SOVEREIGN BROADCAST, INC., Respondent and
Cross-Appellant.

No. 10150

February 21, 1980                           606 P.2d 1089

Manoukian and Thompson, JJ., dissented in part.

*Daniel R. Walsh,* Carson City, for Appellant.

*James S. Beasley,* Reno, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

The dispute in this case arose when respondent Sovereign Broadcast Inc. ceased to operate and manage an AM radio station in Carson City, Nevada, in October, 1971. The appeals are taken from the district court's entry of default judgment against Sovereign for failure to comply with discovery orders; from a subsequent reduction of the amount of liquidated damages; and from entry of a judgment of dismissal on appellant Kelly Broadcasting Co. Inc.'s claims for unliquidated damages and punitive damages.

Before addressing the merits of the appeal and cross-appeal, we must consider Kelly's motion to dismiss the cross-appeal and to enter judgment in its favor, tendered on the ground that Sovereign is a dissolved corporation. Sovereign's counsel acknowledged Sovereign's dissolution as of October, 1977.

At common law, a legally dissolved corporation is dead. Dissolution terminates the corporation's existence for all purposes. W. Fletcher, Cyclopedia of the Law of Private Corporations § 8113 (rev.perm.ed. 1979). Nevada has changed the rule by statute. Upon dissolution, directors become trustees of the corporation with full power to wind up the business.[1] NRS 78.590. The directors as trustees are suable for corporate debts. NRS 78.595.

---

[1]*But see* NRS 78.600 and NRS 78.605 which allow a creditor or stockholder to petition the district court to either continue the dissolution trustees or appoint receivers to settle unfinished business. *Cf.* Robt. Pierce Co. v. Sherman Gardens, 82 Nev. 395, 419 P.2d 781 (1966) where the dissolved corporation was plaintiff.

Here, claims based in tort and contract were filed against the dissolved corporation. NRS 78.615 states:

> 78.615 Abatement of pending actions; substitution of dissolution trustees or receivers. If any corporation organized under this chapter becomes dissolved by the expiration of its charter or otherwise, before final judgment obtained in any action pending or commenced in any court of record of this state against the corporation, the action shall not abate by reason thereof, but the dissolution of the corporation being suggested upon the record, and the names of the trustees or receivers of the corporation being entered upon the record, and notice thereof served upon the trustees or receivers, or if such service be impracticable upon the counsel of record in such case, the action shall proceed to final judgment against the trustees or receivers by the name of the corporation.

Inasmuch as the notices of appeal were filed prior to dissolution, we believe there has been no "final judgment" for purposes of Ch. 78, Nev. Rev. Stats. Therefore, NRS 78.615 applies.

Kelly argues it was Sovereign's responsibility to suggest dissolution on the record, name the directors as dissolution trustees, and give notice. We do not agree. NRS 78.615 contemplates notice to the trustees (or receivers) or, if not practicable, to the attorney of record. This seems to require action by the party suing the corporation. In any event, it certainly does not permit the party bringing suit to forego giving notice, to have its own claims decided, and to have the claims of its adversary ignored or dismissed. We will deem appellant's motion as a notice to the corporation's attorney of record, and turn to the merits of the case.

Appellant Kelly filed this action to recover damages for fraud, malice, negligence, intentional failure to perform a management contract, and conspiracy. It sought cancellation of a contract and of a stock certificate issued to Sovereign. It prayed for actual and punitive damages in excess of one million dollars. Kelly claimed Sovereign breached an agreement to manage the AM radio station; that Sovereign's officers and employees committed fraud in their dealings with William Cody Kelly; that Sovereign's officers and agents converted certain equipment belonging to appellant; and that Sovereign's officers guaranteed to William Cody Kelly that the AM station would make a profit within one year.

1. Sovereign appealed from the entry of a default judgment pursuant to NRCP 37(b)(2)(E). The amended answer was stricken and the court set a hearing to determine the amount of unliquidated damages. The basis for the imposition of sanctions was Sovereign's failure to complete discovery as ordered. The answers to interrogatories, which Sovereign filed two years late, were unsatisfactory. The trial court noted that Sovereign had intentionally and in bad faith sought to avoid and delay trial, thereby prejudicing appellant's case.

Sovereign argues on appeal that by striking the amended answer, the lower court denied respondent due process. Because the interrogatories related only to the second and fourth defenses, Sovereign argued that, at most, the court could have denied any right to prove up on those defenses. We do not agree. See Skeen v. Valley Bank of Nevada, 89 Nev. 301, 511 P.2d 1053 (1973). NRCP 37(d) sanctions entry of a default judgment for failure to answer interrogatories. An incomplete or evasive answer is treated as a failure to answer. NRCP 37(a)(3). The question is not whether this court would as an original matter have entered a default judgment as a sanction for violating a discovery rule; it is whether the trial court abused its discretion in so doing. Affanato v. Merrill Bros., 547 F.2d 138, 140–141 (First Cir. 1977); cf. National Hockey League v. Met. Hockey Club, 427 U.S. 639, 642 (1976) (per curiam). See Kerley v. Aetna Cas. & Sur. Co., 94 Nev. 710, 585 P.2d 1339 (1978). We do not find an abuse of discretion in this case.

2. The district court entered an oral award for liquidated damages on August 2, 1976. The court's written order was not filed with the clerk until October 14, 1976. Thereafter, pursuant to motion by Sovereign, the district court deleted an award of $10,000 as attorneys' fees and reduced the award of liquidated damages to $18,126.59.

Absent a statute or contract authorizing such an award, attorney's fees may not be recovered by a party to litigation. Guild v. First Nat'l Bank of Nev., 95 Nev. 621, 600 P.2d 238 (1979). Attorney's fees may be awarded where the plaintiff has not recovered more than $10,000. NRS 18.010(2)(a). Here, the court awarded plaintiff over $10,000. As no contract allowed payment of attorneys' fees, the court did not err in refusing such an award.

3. On respondent's motion, the trial court deleted from the default judgment items which had been omitted from the

prayer of the amended complaint; however, the court allowed recovery for other items set forth in Para. VIII, §§ (a) and (f), even though they also had been omitted from the prayer.[2]

Appellant, having failed to include the amounts set forth in Paragraph VIII, ordinarily would not be entitled to amend his prayer once default judgment had been entered. NRCP 54(c).[3] In this case, the trial court entered respondent's default because respondent willfully failed to comply with an order of the court. Respondent had filed a counterclaim in the action and was represented by counsel. Evidence to support the items set forth in Para. VIII, §§ (a) and (f) had been presented at trial. Under these circumstances, the trial court did not err in allowing recovery for items (a) and (f); nor did it err in deleting other items. *Cf.* Sarlie v. E. L. Bruce Co., 265 F.Supp. 371, 377 (S.C.N.Y. 1967).

4. Where a default judgment is neither for a sum certain, nor for a sum which can by computation be made certain, the plaintiff must prove up his damages. NRCP 55(b); 6 Moore's Federal Practice ¶55.03[2] (2d ed. 1976); 10 Wright & Miller, Federal Practice and Procedure: Civil § 2688, 284 (1973). The record certainly did not mandate any finding of further damages, actual or punitive. Appellant contends, however, that because he pleaded damages "in excess of $10,000," he is entitled to a minimum of $10,000 lost profits, $10,000 punitive damages, and $10,000 reimbursement for monies expended in managing the station after Sovereign breached its contract. We do not agree.

To justify a money judgment, the amount as well as the fact

---

[2]Para. VIII of the amended complaint reads:
"(a) Test equipment plaintiff purchased in 1970 that was overvalued by defendant's officers and subsequently converted by them........................................................$1,787.00
". . .
"(f) Balance due plaintiff corporation from the sale of an AM Transmitter........................................................ 2,600.00"

[3]NRCP 54(c) provides:
"*Demand for Judgment.* A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment, except that where the prayer is for damages in excess of $10,000 the judgment shall be in such amount as the court shall determine. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

of damage must be proved by substantial evidence. The law does not permit arriving at the amount by pure conjecture. Alper v. Stillings, 80 Nev. 84, 389 P.2d 239 (1964). *Cf.* Knier v. Azores Constr. Co., 78 Nev. 20, 368 P.2d 673 (1962).

In order to award punitive damages, the trial court must find substantial evidence of malice in fact. Village Development Co. v. Filice, 90 Nev. 305, 526 P.2d 83 (1974). A plaintiff is never entitled to punitive damages as a matter of right; their allowance or denial rests entirely within the discretion of the trier of fact. Nevada Cement Co. v. Lemler, 89 Nev. 447, 451, 514 P.2d 1180, 1182 (1973).

Other contentions of error are without merit and need not be addressed.

Affirmed.

Mowbray, C. J., and Batjer, J., concur.

Manoukian, J., with whom Thompson, J., joins, dissenting in part:

I respectfully dissent from that part of the majority opinion wherein my brethren surprisingly and summarily uphold the trial court's striking of Sovereign's amended answer, entry of default and eventual award of money damages and other relief all under the authority of NRCP 37(b)(2)(C). If this dissent were to become the majority opinion, it would have the effect of reversing the drastic order on sanctions, the default entry and judgment and would necessarily vacate all other orders entered by the court below.

On October 27, 1972, appellant filed its amended complaint against Sovereign and several fictitiously named defendants. The complaint contained several averments of damages. On November 9, 1972, Sovereign filed its answer to the amended complaint together with a counterclaim against appellant.

On January 15, 1973, appellant served a set of interrogatories upon Sovereign. Sovereign answered some of these questions and, in proper procedural fashion, objected to the others. Consequently, on April 2, 1973, appellant moved the trial court pursuant to NRCP 37(a)(2) for its order compelling Sovereign to answer. At the hearing on June 4, 1973, the trial court ordered Sovereign to answer several of the objected to interrogatories, but also found several answers to be sufficient. Sovereign agreed to answer several others, but not all, and to provide supplemental answers to two previously answered interrogatories.

On June 25, 1973, the action was stayed due to a pending federal action instituted by Sovereign. That proceeding was ultimately dismissed by the federal district court, which dismissal was upheld September 19, 1975, by the Ninth Circuit Court of Appeals.

By February 9, 1976, Sovereign had not provided any further discovery. On that day, appellant moved the trial court to strike Sovereign's amended answer and to enter a default judgment as a result of Sovereign's claimed willful failure to comply with the trial court's discovery order. At the conclusion of the hearing on appellant's motion for sanctions, held months later, the trial court awarded appellant its requested relief. Subsequently, appellant was awarded judgment in the sum of $25,260.73, together with an attorney's fee in the sum of $10,000. The trial court additionally rescinded the management contract, which had the effect of cancelling the twenty-five percent share of appellant's stock previously issued to Sovereign. Sovereign's subsequent NRCP 59 motion to amend the judgment was granted in part.

At the conclusion of the hearing on sanctions, the trial court found that two and one-half years had passed since the order to answer, the failure to answer was willful and without just cause and appellant's case was wrongfully prejudiced. The court also found that respondent intentionally and in bad faith sought to delay trial by filing a frivolous ancillary lawsuit. The trial court apparently acted pursuant to the authority given it by virtue of Rule 37(b)(2)(C) of the Nevada Rules of Civil Procedure. That provision permits a court to strike pleadings or parts thereof, to stay further proceedings, and to dismiss the action or render judgment by default against a party who fails to obey a discovery order. The discretion reposed in our district courts through Rule 37, however, is not unfettered.

In Finkelman v. Clover Jewelers Blvd., Inc., 91 Nev. 146, 532 P.2d 608 (1975), we stated that the "general rule in the imposing of sanctions is that they be applied only in extreme circumstances where willful noncompliance of a court's order is shown by the record." *Id.* at 147, 532 P.2d at 609 (citations omitted). Additionally, "[a]lthough Rule 37 is very broad, and the courts have considerable discretion in imposing sanctions as authorized by the rule, there are constitutional limits, stemming from the Due Process Clause of the Fifth and Fourteenth Amendments, upon the imposition of sanctions." C. Wright & A. Miller, *Federal Practice and Procedure,* § 2283, at 759 (1970). I am of the opinion that such limitations were applicable to the instant case and precluded the trial court

from invoking the harsh sanction of directing the entry of a default judgment on all issues raised by appellant's complaint. By its complaint, appellant asserted several distinct causes of action against Sovereign. On a comparison of the permissible inferences which flow from Sovereign's failure to answer the relevant interrogatories with the material allegations in appellant's complaint, it is clear that the district court's order striking Sovereign's answer in its entirety was inconsistent with the demands of due process.

In this case, the information sought by the interrogatories did not embrace the totality of issues raised by the pleadings on file. Indeed, here the interrogatories relate to only a minor portion of the case. Only where the testimony or records sought through discovery relate to *all issues* raised by the pleadings may a court take such an action. *See* Hammond Packing Co. v. Arkansas, 212 U.S. 322 (1908); Bova v. Roanoke Oil Co., 23 S.E.2d 347 (Va. 1942). Where, as here, no presumption can reasonably arise "that the material facts alleged or pleaded [by the plaintiff] were admitted" to be true, Hammond Packing Co. v. Arkansas, 212 U.S. 351, the trial court's striking of a defendant's answer is not compatible with due process of law as is required by the Federal Constitution. *See* Stern v. Hassen, 109 Cal.Rptr. 321, 327 (Ct.App. 1973); Mitchell v. Watson, 361 P.2d 744, 747 (Wash. 1961). *Cf.* Kerley v. Aetna Cas. & Sur. Co., 94 Nev. 710, 711, 585 P.2d 1339, 1340 (1978) (no abuse of discretion with dismissal of complaint where defendant willfully failed to respond to order compelling production). Subject to reasonable legislation and judicial limitations, a litigant is entitled to his day in court. *See* Affanato v. Merrill Brothers, 547 F.2d 138, 140 (1st Cir. 1977).

I believe that the penalty imposed here was disproportionate to any misconduct on the part of respondent as the propounded interrogatories did not relate to all of the issues involved in the litigation. Furthermore, Sovereign had substantially complied with the court's order and, through new counsel, had filed and served the remaining answers prior to the hearing on sanctions, although some answers were found to be inadequate. Moreover, the authorities differentiate between a trial court's power to impose sanctions against a plaintiff and its power to impose sanctions on a contumacious defendant. Mitchell v. Watson, 361 P.2d at 747. *Cf.* National Hockey League v. Metropolitan Hockey Club, 427 U.S. 639 (1976) (court established actual deadlines for compliance and disobedient party was the plaintiff). Here, Sovereign, the defendant, suffered the drastic sanctions.

Finally, not only does the record fail to show that appellant was prejudiced in any way, I note that on February 27, 1975, the trial judge expressed his displeasure and frustration at the failure of both parties to exercise diligence in getting to trial. Additionally, although Sovereign did not seek any protective orders, NRCP 26(c), it is significant that appellant sought no trial date. Here, I believe that the sanction of dismissal was too harsh. *See* E.E.O.C. v. Carter Carburetor, Division of ACE Industries, Inc., 577 F.2d 43 (8th Cir. 1978), *cert. denied,* 439 U.S. 1081 (1979); A & M Records, Inc. v. Heilman, 142 Cal.Rptr. 390 (Ct. App. 1977); Henshaw v. Traveler's Insurance Co., 386 N.E.2d 1029 (Mass. 1979). On review of the record, there is sufficient evidence to support a finding that Sovereign's failure timely to file answers regarding its second and fourth affirmative defenses was in bad faith. I perceive an abuse of discretion, however, and would reverse and remand for a full trial as to all issues except issues tendered by the second and fourth affirmative defenses, since the failure of Sovereign to answer interrogatories related only to the second and fourth affirmative defenses.