**Mildred GREENE et al., Plaintiffs,**

v.

**RASH, CURTIS AND ASSOCIATES, Defendant.**

### Civ. No. 2–79–199.

United States District Court, E. D. Tennessee, Northeastern Division.

Sept. 25, 1980.

Harry J. Smith, Polly Peterson and James T. Bowman, Johnson City, Tenn., for plaintiffs.

John F. Dugger, Morristown, Tenn., and James R. Hamrick, Bristol, Tenn., for defendant.

## MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

This is a civil action seeking money damages under the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* A magistrate of this district recommended (1) that the motion of the defendant for a partial summary judgment be granted as to claims of the respective plaintiffs for mental anguish and the aggravation of a preexisting medical condition, and that, otherwise, that motion be denied; (2) that the motion of the plaintiffs to strike certain affidavits filed herein be denied; and (3) that the motion of the plaintiffs for a partial summary judgment be denied. 28 U.S.C. § 636(b)(1)(B). Having considered *de novo* the matters to which the objections of the plaintiffs are addressed, the undersigned judge hereby MODIFIES the recommendation of the magistrate. 28 U.S.C. § 636(b)(1).

In the Fair Debt Collection Practices Act, *supra*, the Congress created a new federal cause of action in favor of persons aggrieved by abusive debt-collection practices and conferred jurisdiction over such claims upon the federal district courts. 15 U.S.C. § 1692k(a), (d). A plaintiff who prevails in such a civil action is entitled to recover " * * * any actual damage sustained * * " by him or her as a result of a violation of that act and " * * * such additional damages as the court may allow, but not exceeding $1000 * * *." 15 U.S.C. § 1692k(a)(1), (2)(A). Unfortunately, as is too often the situation these days, the Congress did not bother to define the term "actual damage"; neither did it elect to give the federal courts, whom it charged with applying these statutory provisions, any useful guidance as to the specific types

of damages it intended to be recoverable. The legislative history is essentially worthless; it merely instructs the courts that:

\* \* \* \* \* \*

A debt collector who violates the act is liable for any actual damages he caused as well as any additional damages the court deems appropriate, not exceeding $1,000. In assessing damages, the court must take into account the nature of the violation, the degree of willfullness, and the debt collector's persistence. \* \* \*

Senate Report no. 95–382 reprinted in 2 U.S.Code Cong. & Admin.News, 95th Cong. 1st Sess. (1977) 1695, at page 1700. This statement is little more than a restatement of the language of the act itself.

The magistrate recognized that "actual damages" had traditionally been interpreted to mean "compensatory damages." He thought the usual rule regarding compensatory damages in tort actions, which precludes any recovery for mental anguish where there is no physical injury or physical consequences of the alleged wrongful conduct of the defendant, would be applicable herein. The magistrate believed that the Congress must have been aware of these traditional damages rules, and that it might well have assumed that the courts would apply the same to actions brought under this new act. He noted also that the provision whereby the Court can award additional damages up to $1,000 was probably intended to mitigate the somewhat harsh effects of the rule prohibiting any recovery for mental anguish alone.

The approach by the magistrate was well-reasoned and logical. However, an almost equally-persuasive argument in favor of a case for the plaintiffs can be made: that is, when it enacted the Fair Debt Collection Practices Act, the Congress was cognizant fully that the existing laws and procedures for redressing the injuries caused by abusive, deceptive and unfair debt-collection practices were inadequate to protect consumers. 15 U.S.C. § 1962(b). The " * * * inadequacy of existing State and Federal laws ma[d]e this legislation necessary and appropriate." 2 U.S.Code Cong. & Admin.

News, *supra*, at 1697. The types of collection-practices at which the act was directed included:

\* \* \* obscene or profane language, threats of violence, telephone calls at unreasonable hours, misrepresentation of a consumer's legal rights, disclosing a consumer's personal affairs to friends, neighbors, or an employer, obtaining information about a consumer through false pretense, impersonating public officials and attorneys, and simulating legal process.

\* \* \* \* \* \*

*Ibid.*, at 1696.

The foregoing type of conduct would seldom tend to cause any physical injury or well-defined physical consequences; instead, the recipient of these types of abusive practices, at the very most, might be expected to be humiliated, annoyed, and perhaps made nervous and fearful. If these forms of mental anguish were not compensable under the act, then, in most situations, the aggrieved plaintiff would not be able to recover any actual damages under 15 U.S.C. § 1692k(a)(1), except to the extent that he or she might have suffered some related out-of-pocket expenses.

It is true that the Court has been authorized to award a plaintiff " * * * additional damages * * * " not exceeding the sum of $1,000. 15 U.S.C. § 1692k(a)(2)(A). This provision could be construed as providing for some compensation in lieu of an award of actual damages for mental anguish. But, it could also be interpreted as permitting an award of a limited amount of punitive damages; for, the language seems to imply that actual damages must have been awarded before the Court is authorized to award these additional damages. Such an interpretation would seem to be in accord with the statement in the legislative history of the act that, in assessing damages, " * * * the court must take into account the nature of the violation, the degree of willfullness, and the debt collector's persistence. * * * " 2 U.S.Code Cong. & Admin. News, *supra*, at 1700.

Whether the Congress contemplated that the rules relating to general compensatory damage in tort actions should apply in actions brought under the Fair Debt Collection Practices Act is wholly unclear to this Court. That act is a subsection of the Federal Consumer Credit Protection Act; in another such subsection, the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.,* the Congress created also a new civil cause of action which permits an aggrieved plaintiff to recover " * * * any actual damages sustained * * * " by a violation of that act. 15 U.S.C. § 1691e(a). This provision has been construed as permitting the recovery of damages to compensate for embarrassment, humiliation and mental distress occasioned by the wrongful denial of credit, although no such damages will be presumed. *Shuman v. Standard Oil of California,* D.C.Calif. (1978), 453 F.Supp. 1150, 1153–1154[2].

The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,* likewise, provides for a civil action wherein the prevailing plaintiff may recover " * * * any actual damages sustained * * *." 15 U.S.C. § 1681n(1). In an action brought under that act, the Court of Appeals for the Eighth Circuit, in an opinion by the late Mr. Justice Tom Clark, held that the " * * * much maligned rule that there should be no recovery in tort for mere mental pain and anxiety * * * " was inapplicable. *Millstone v. O'Hanlon Reports, Inc.,* C.A. 8th (1976), 528 F.(2d) 829, 834. This was so because the plaintiff was bringing " * * * an independent cause of action under the Fair Credit Reporting Act quite apart from any recovery he might have sought in tort. * * * " *Ibid.,* 528 F.(2d) at 835. In that case the plaintiff apparently had " * * * suffered only loss of sleep, nervousness, frustration and mental anguish * * *," but, the Court of Appeals affirmed the award to him " * * * of $2,500 in actual damages * * *." *Ibid.,* 528 F.(2d) at 834.

■ Under all these circumstances, this Court thinks that it can make a much more intelligent decision as to what mental anguish-type damages the respective plain-tiffs might be able to recover under the provisions of 15 U.S.C. § 1692k(a)(1) after hearing their proof at trial. A court should refuse to grant summary judgment until the facts have been developed sufficiently to enable it to be reasonably certain that it is making a correct determination of the law. *NLRB v. Smith Industries, Inc.,* C.A. 5th (1968), 403 F.(2d) 889, 893[9]. " * * * Where a case is such that a full inquiry into the facts at trial is advisable for the purpose of clarifying the application of the law, summary judgment is not appropriate. * * * " *Smith v. City of Manchester,* D.C.Tenn. (1978), 460 F.Supp. 30, 36[12], citing *S. J. Groves & Sons Company v. Ohio Turnpike Commission,* C.A. 6th (1963), 315 F.(2d) 235, 238[2], certiorari denied (1963), 375 U.S. 824, 84 S.Ct. 65, 11 L.Ed.(2d) 57. The Court is of the opinion that, by delaying a ruling on this issue until after the proof has been presented at trial, it will be in a better position to determine which, if any, of the damage claims of the respective plaintiffs were of the type contemplated by the Congress when it used the term "actual damage".

Furthermore, since the trial of this action has been delayed until March, 1981, it is possible that, by then, some court of appeals may have construed this statutory language. Any help this Court receives in this regard would be beneficial.

■ The Court agrees with the magistrate that there are no genuine issues of material fact as to the claim of the plaintiffs Mrs. Greene and Mrs. Bacon, that the conduct of the defendant caused an aggravation of their respective preexisting heart conditions. The undisputed medical testimony in this record reflects that any conduct by the defendant had no effect upon the condition of the heart of either.

■ The Court agrees also that there are genuine issues of material fact extant between the parties herein as to whether the defendant violated the Fair Debt Collection Practices Act in any of the particulars alleged. These matters will be resolved at trial and not on motions for summary judgment.

The motion of the defendant for a partial summary judgment hereby is GRANTED as to the claims of the respective plaintiffs Mrs. Greene and Mrs. Bacon that they each suffered the aggravation of a preexisting heart condition; otherwise, that motion hereby is DENIED. The motion of the plaintiffs to strike certain affidavits herein hereby is DENIED. The motion of the plaintiffs for a partial summary judgment hereby is DENIED.