UNITED STATES of America, Plaintiff,

v.

ACB SALES & SERVICE, INC., et al., Defendants.

No. CIV 80–251 PHX CLH.

United States District Court, D. Arizona.

Feb. 18, 1982.

James P. Loss, Asst. U. S. Atty., Phoenix, Ariz., for plaintiff.

Basil J. Mezines, Michael G. Charapp, Stein, Mitchell & Mezines, Washington, D. C., and Warren C. Ridge, Landendorff & Ridge, P.C., Phoenix, Ariz., for defendants.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

The Court has had under advisement the Government's Motion for Partial Summary Judgment. In its motion the Government requests that the facts set forth in 148 consumer complaints be established as a sanction pursuant to Rule 37(b) of the Federal Rules of Civil Procedure because of the defendants' failure to produce their files relating to those complaints, and that the facts established by the consumer complaints constitute violations of the Fair Debt Collection Practices Act [the Act], 15 U.S.C. § 1692 et seq., and of the Federal Trade Commission Order Number C–2608 (December 4, 1974) [the Order] against the defendants. However, the defendants have now produced the file of Helen Lumerman (34).[1] It also appears that the defendants carried the accounts of Lee Halsy (28) under the name "Lee Holsey", and of Carolyn Venditti (100) under the name of "Wheeler", which could account for the failure of the defendants to locate these two accounts. The facts will be deemed established only with respect to the 145 other complaints. The motion for partial summary judgment will be granted in part.

■ On February 25, 1981, pursuant to the Government's Motion to Compel Production, the Court entered an order requiring the defendants to produce by March 27, 1981 debtor files and other documents reflecting the defendants' debt collection activities regarding each of 582 named debtors. By March 27, 187 files had been produced. On April 29, 1981 the Government filed a motion for sanctions because of the failure of the defendants to produce the other 395 files. The defendants claimed that they had been making diligent efforts to locate the files but that they were "buried among the several million files" they maintain. On May 26, 1981 the Court entered an order extending the time for production for 60 days and providing that if production was not made by then the facts set forth in the various debtors' complaints would be deemed to be established. On November 5, 1981 the Government filed the pending motion for partial summary judgment. In response thereto, for the first time, the defendants claimed that their failure to make production may have been be-

---

1. The numbers after the names of debtors signify the numerical position of the debtors' complaints in Appendix B to the motion for partial summary judgment.

cause the files had been discarded since they are kept only as "space allows," which is usually not more than two years. The reasons given for non-production are entitled to little weight.

In the first place, a business which generates millions of files cannot frustrate discovery by creating an inadequate filing system so that individual files cannot readily be located. *See Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73 (D.Mass.1976).

In the second place, any destruction of files of named complaining debtors appears to have been motivated more from an attempt to suppress evidence than from the need of additional filing space for new files. Three of defendants' offices are in California and defendants admit in their answers to interrogatories that debt collectors in that state are required to maintain collection files for a period of at least four years. The defendants were given notice that many of the named debtors were complaining to the Federal Trade Commission or had complained to lawyers regarding the conduct of defendants' employees. Given that notice, one would reasonably think that the defendants would have taken steps to preserve the files relating to those complaining debtors if there were any information in the files which would tend to refute the complaints. Accordingly, the Court will order as a sanction for failure to produce, pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure, that the facts set forth in 145 of the 148 debtor complaints attached to the motion for summary judgment shall be deemed established.

However, the fact that those facts have been deemed established does not automatically establish that the Government is entitled to summary judgment with respect to each of the complaints. Some of the complaints are merely conclusory and do not state specific facts which would establish a violation of either the Act or the Order. As examples, Cheryl Derbin (5) complained that the collector was "surly"; Judy Montoya (9) complained that the collector was "rude and nasty"; Tom McKeown (18) complained that the collector used "insulting and abusive language"; Michael Twomley (42) complained that the collector used "demeaning and harassing" language.

Some of the complaints do not state facts which constitute violations of the Act or Order as alleged by the Government. As examples, Jimmie Evans (27) and the son of Manuel Sanchez (11) were not debtors and telephone calls to them would not be violations of Section 805(a)(1) of the Act, 15 U.S.C. § 1692c(a)(1). The facts stated by Pauline L. Zeppieri (103) do not constitute harassment or abuse in connection with the collection of a debt as proscribed by Section 806, 15 U.S.C. § 1692d.

The Government contends that many of the complaints involve threats which are in violation of Sections 807(4) and (5) of the Act, 15 U.S.C. §§ 1692e(4) and (5), and of Paragraphs 2 and 3 of the Order. Under the Act it must be established that the threatened action was either unlawful or that there was no intention to take it. Under the Order it must be established that there was no intention to take the threatened action. Intention is a question of fact which must be determined from the circumstances of each case. *See Greene v. Rash, Curtis and Associates*, 89 F.R.D. 314, 317 (D.C.Tenn.1980). It cannot be taken as established on the basis of the consumer complaints. Where intention remains an issue, the Court cannot grant summary judgment.

IT IS ORDERED that the facts alleged in the consumer complaints attached as Exhibit B to Government's Motion for Partial Summary Judgment (except the complaints of Helen Lumerman, Lee Halsey and Carolyn Venditti) shall be taken to be established for the purpose of this action.

IT IS FURTHER ORDERED that partial summary judgment be entered as follows:

1. That the defendants have violated Section 805(a)(1) of the Act, 15 U.S.C. § 1692c(a)(1), with respect to the following consumers:

Sharan Crandall (16)
Nancy Carr (24)
Doris Hirsh (30)

Armon Milton (36)
James Robert Kopp (45)
Jean McGraw (46)
Richard Pergande (47)
Andrew Bauman (52)
Lorraine Hughes (61)
James McDermott, Jr. (115)
Suzanne Clowes (139)

2. That the defendants have violated Section 805(a)(2) of the Act, 15 U.S.C. § 1692c(a)(2), with respect to the following consumers:

John Birely (3)
Manuel Nevarrez (10)
Judy Paglione (37)
Peggy Hinds (123)

3. That the defendants have violated Section 805(b) of the Act, 15 U.S.C. § 1692c(b), with respect to the following consumers:

R. M. Johnson (71)
Cecilia Alvarado (75)
Wm. F. Busch (105)
Jerome Byrd (106)
Geoffrey Dupre (109)
Judy Lawrence (113)
Marvin Teker (119)
Peggy Hinds (123)
Orene Munoz (132)
E. Ronald Einarsen (141)
Sidney Gibson (143)
Mary Reilly (146)

4. That the defendants have violated Section 806 of the Act, 15 U.S.C. § 1692d, with respect to the following consumers:

Suellen Hare (1)
John Mays, Sr. (8)
Judy Trujillo (12)
Judith Wooten (13)
Lucille Clark (14)
Sharan Crandall (16)
Leon Falmar (19)
Mary Ann Bedore (23)
Deborah Schulterbrandt (39)
Leonard Bushem (44)
Terry Ramsey (48)
Thomas Wilson (51)
Mrs. Warren Haines (70)

R. M. Johnson (71)
Pauline Zeppieri (103)
Martha Cooper (107)
Ellen Griesmeyer (110)
Walter Kesting (112)
Judy Lawrence (113)
James McDermott (115)
Marvin Teker (119)
Peggy Hinds (123)
L. B. Whitford (137)
E. Ronald Einarsen (141)
Louise Graham (144)
Mary Reilly (146)
Kenneth and Debra Ross (147)
Murray Warshauer (148)

5. That the defendants have violated Section 807(4) of the Act, 15 U.S.C. § 1692e(4), with respect to the following consumers:

Suellen Hare (1)
Malcolm Lasher (2)
John Mays, Sr. (8)
Ophnel Larrier (32)
Carol Ross (65)
R. M. Johnson (71)
Lori Duncan (83)
Martha Cooper (107)
Walter Kesting (112)
Charles Walton (121)
L. B. Whitford (137)
Mrs. Patrick Flynn (142)

6. That the defendants have violated Section 807(5) of the Act, 15 U.S.C. § 1692e(5), with respect to the following consumers:

Suellen Hare (1)
Malcolm Lasher (2)
John Mays, Sr. (8)
James K. Palmer (20)
Candido Diaz (26)
Ophnel Larrier (32)
Gerald Ross (38)
Carole Cate (58)
Nancy Davidson (82)
Lori Duncan (83)
Donald Risden (97)
Martha Cooper (107)
Judy Lawrence (113)

Rene Santana (117)
Orene Munoz (132)
L. B. Whitford (137)
Suzanne Clowes (139)
Mrs. Patrick Flynn (142)
Kenneth and Debra Ross (147)

7. That the defendants have violated Section 807(10), of the Act, 15 U.S.C. § 1692e(10), with respect to the following consumers:

Lucille Clark (14)
Robert H. Heffner, Jr. (17)
Carol Sanders (21)
Lee Halsy (28)
Michael Twomley (42)
Terry Ramsey (48)
Robert Kleveno (72)
Ronald Chase (81)
Richard Gardner (86)
James McDermott (115)
Russ Munson (133)
Louise Graham (144)

8. That the defendants have violated Section 808 of the Act, 15 U.S.C. § 1692f, with respect to the following consumers:

Michael Lightfoot (33)
Armon Milton (36)

9. That the defendants have violated Section 809 of the Act, 15 U.S.C. § 1692g, with respect to the following consumers:

Patricia Charette (4)
Peggy Hinds (123)

10. That the defendants have violated Paragraph 3 of the Order, with respect to the following consumers:

John Mays, Sr. (8)
James Johnson (55)
Geraldine and Fred Campbell (80)
James and Alice Barnes (128)

11. That the defendants have violated Paragraph 5 of the Order, with respect to the following consumers:

Malcolm Lasher (2)
Carole Cate (58)
Geraldine and Fred Campbell (80)
Charles Walton (121)
Mrs. Dennis Brooks (129)
Sharon Patterson (134)

12. That the defendants have violated Paragraph 6 of the Order, with respect to the following consumers:

Mrs. Nancy Carr (24)
Jayne Herbst (29)
Mrs. Doris Hirsh (30)
Deborah Schulterbrandt (39)
Jean McGraw (46)
Andrew Bauman (52)
Doris Greer (54)
Lorraine Hughes (61)
Deborah Lovato (63)
Victoria Simpson (66)
William Reece (73)
Rosalyn Tillis (74)
Virginia Beaty (76)
Lois Bressman (77)
Louise Hay (89)
Jimmie Watson (101)
William Matthews (131)
Sharon Patterson (134)
George Schulte (136)

13. That the defendants have violated Paragraph 7 of the Order, with respect to the following consumers:

Lucille Clark (14)
Richard Gardner (86)
Robert Geary (87)
Janice Miskel (95)
Mrs. Dennis Brooks (129)

14. That the defendants have violated Paragraph 8 of the Order, with respect to the following consumers:

Mrs. Warren Haines (70)
Geraldine and Fred Campbell (80)

15. That the defendants have violated Paragraph A of the Order, with respect to the following consumers:

Lucille Clark (14)
Virginia Beaty (76)
Jayson Bryant (78)
Geraldine and Fred Campbell (80)
Jocelyn Inglemon (92)
Charlie Jones (93)
Donald Risden (97)
Jimmie Watson (101)

16. That the defendants have violated Paragraph B of the Order, with respect to the following consumer:

William Matthews (131)