[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendants move for summary judgment as a sanction against the plaintiffs on the ground that the plaintiffs allowed the destruction of crucial evidence.
The facts as alleged in the complaint are as follows. In October 1984, the plaintiffs, Albert and Jolene DiNello [the "DiNellos"] purchased a Chevrolet pick-up truck, manufactured by the defendant, CT Page 8216-SS General Motors Corporation ["GM"], from the defendant, C.C.S. Group, Inc., A/K/A Skip Gengras Chevrolet, Inc., F/K/A Morton Chevrolet ["Skip Gengras Chevrolet"]. On November 8, 1987, the plaintiff, Albert DiNello ["DiNello"], was operating said truck when a deer, which had been struck by another vehicle, landed on the roof of the pick-up truck. The impact of the deer caused the roof to collapse, resulting in serious injury to DiNello.
As a result of DiNello's injuries, on November 21, 1990, the plaintiffs, the DiNellos, filed a two-count complaint against the defendants, G.M. and Skip Gengras Chevrolet. The first count is a products liability claim on behalf of the plaintiff, Albert DiNello, and the second count is a products liability claim based on loss of consortium brought on behalf of the plaintiff, Jolene DiNello.
On April 29, 1993, the defendants filed a motion for summary judgment along with a memorandum of law in support thereof. Thereafter, the plaintiffs filed a memorandum of law in opposition to the defendants' motion for summary judgment, and on July 6, 1993, the defendants filed a supplemental memorandum CT Page 8216-TT of law in support of their motion for summary judgment.
"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book 380." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829
(1989). In ruling on a motion for summary judgment the court's function is not to decide issues of material fact, but rather to determine whether any such issues exist." Nolan v. Borkowski,206 Conn. 495, 505, 538 A.2d 1031 (1988); see also Reid Reiqe v. Brainerd Cashman Ins. Agency, Inc., 26 Conn. App. 580,584, 602 A.2d 1051 (1992).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Connecticut Bank Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 781, 595 A.2d 334 (1991). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" (Citation omitted.) Id. CT Page 8216-WW
The defendants move for summary judgment on the ground that "[s]ummary judgment is an appropriate sanction where, as here, plaintiffs allow the destruction of crucial evidence." (Defendants Motion for Summary Judgment, p. 4). In support of their argument that summary judgment is an appropriate sanction, the defendants rely on Cleveland Wrecking Company v. General Motors Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 38 58 83 (December 17, 1991, Goldberger, A.T.R.), and Fire Ins. Exchange v. Zenith Radio Corp., 103 Nev. 648, 747 P.2d 911, 913-14 (1987).
Both Cleveland Wrecking Company, supra, and Fire Ins. Exchange, supra, involved product liability actions brought by an insurer in the name of its insured. In Cleveland Wrecking Company, supra, a fire destroyed the insured's vehicle. Id., 2. Thereafter, the plaintiff insurer obtained title of the vehicle from the insured and transferred said title to a salvage company. Id. The insurer, after allowing its expert to inspect the vehicle, authorized the salvage company to dispose of the vehicle. Id. The court stated that the "[p]reservation of [an] allegedly defective product is CT Page 8216-XX of utmost importance in proving and defending against strict liability action[s]." Id., 7. The court, relying on Fire Ins. Exchange, supra, and Graves v. Daley, 172 Ill. App.3d 35, 526 N.E.2d 679
(1988), held that the insurer's destruction of the allegedly defective product, prior to the filing of a products liability action, subjected the insurer's subrogation claim to dismissal as a sanction for destruction of the defective product. Cleveland Wrecking Company, supra, 8.
In Fire Ins. Exchange, supra, a fire destroyed the insured's residence. Id., 912. The plaintiff insurer hired an investigator to determine the origin of the fire. Id. The investigator found that the fire had originated inside a television set. Id. Thereafter, the insurer engaged contractors to remove debris, including the television set, from the insured's home. Id. The court stated that "even where an action has not been commenced and there is only potential for litigation, the litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action." Id., 914. The court held that since the insurer had the power to preserve the remains of the television set, the insurer was subject to sanctions for the destruction of the television CT Page 8216-YY set, especially in light of the fact that the insurer had inspected the television set. The court, therefore, granted the defendant's motion to exclude the insurer's expert witness. Id.
In Graves v. Daley, supra, relied upon by the court in Cleveland Wrecking Company, the plaintiff insureds and insurer instituted a products liability action against the manufacturer and seller of an allegedly defective furnace. The insureds home was destroyed by a fire. Id., 680. The insurer engaged an engineer to investigate and determine the cause of the fire. Id. The engineer inspected the furnace and determined that the furnace had caused the fire. Id. Thereafter, the insurer authorized the insureds to dispose of the furnace. Id., 680-81. The insureds, following the direction of the insurer, destroyed the furnace. Id., 681. The court found that the insureds and the insurer had complete control of the furnace from the date of the fire. Id., 681-82. The court held that since the insureds had willingly destroyed the furnace with the authorization of the insurer, the plaintiffs were subject to sanctions and dismissed the plaintiffs product liability action. Id.
In all three cases the insurers and/or insureds had an opportunity CT Page 8216-ZZ to inspect the allegedly defective product and, thereafter, having possession of the allegedly defective product, permitted the destruction of the product before the defendants had an opportunity to inspect the product. In all three cases, the court found that the plaintiffs were subject to sanction for willingly destroying the allegedly defective product.
In the present action, the defendants have not submitted any evidence to show that the plaintiffs had either possession or control of the pick-up truck after the accident or the power to preserve the truck. Nor have the defendants submitted any evidence to show that it was the plaintiffs, rather than the plaintiffs' insurer, who permitted the destruction of the vehicle. Rather, the evidence submitted shows that the plaintiffs never had possession or control of the vehicle after the accident and that the insurer disposed of the vehicle. (See Defendants' Motion for Summary Judgment, Exhibits B, C). We find that the defendants have not met their burden of showing that the plaintiffs destroyed evidence and are subject to sanctions. Accordingly, the defendants' motion for summary judgment is denied. CT Page 8216-a
Hennessey, J.