Brenda POWELL; Steven Lewis
Powell, Plaintiffs,

v.

DEF EXPRESS, INC.; Nevada Department of Transportation; Royal Express, Inc.; State of Nevada; IBP, Inc.; IBP, Inc., a South Dakota Corp., Defendants,

v.

IBP, Inc., Cross–claimant–Appellee,

and

IBP, Inc., a South Dakota
Corp., Cross-claimant.

v.

Royal Express, Inc., Cross–defendant–Appellant.

Brenda Powell, Plaintiff,

and

Steven Lewis Powell, Plaintiff–
Appellant,

v.

DEF Express, Inc., Defendant–Appellee,

and

Nevada Department of Transportation; Royal Express, Inc.; State of Nevada; IBP, Inc.; IBP, Inc., a South Dakota Corp., Defendants,

v.

IBP, Inc.; IBP, Inc., a South Dakota
Corp., Cross-claimants,

v.

Royal Express, Inc., Cross-defendant.

Brenda Powell; Steven Lewis Powell,
Plaintiffs–Appellants,

v.

DEF Express Inc.; IBP, Inc., a South Dakota Corp.; Nevada Department of Transportation; Royal Express, Inc.; State of Nevada, Defendants–Appellees.

Brenda Powell, Plaintiff,

and

Steven Lewis Powell, Plaintiff–
Appellant,

v.

DEF Express, Inc.; Nevada Department of Transportation; Royal Express, Inc.; State of Nevada; IBP, Inc., a South Dakota Corp., Defendants,

and

IBP, Inc., Defendant–Appellee,

v.

Royal Express, Inc., Cross-defendant.

Nos. 06–15243, 06–15249,
06–15434, 06–16298.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2007.

Filed Jan. 31, 2008.

Robert A. Groesbeck, Esq., Las Vegas, NV, Joseph A. Prokop, Jr., Baton Rouge, LA, for Plaintiff.

Jonathan B. Owens, Alverson Taylor Mortensen Nelson & Sanders, George Lyles, Esq., Lyles & Associates, Las Vegas, NV, Brian Sandoval, Esq., AGNV–Office of the Nevada Attorney General, Carson City, NV, for Defendant.

James R. Olson, Esq., Rawlings Olson Cannon Gormley & Desruisseaux, Las Vegas, NV.

Todd Baxter, Esq., McCormick Barstow Sheppard Wayte & Carruth, LLP, Fresno, CA, for Cross–Defendant–Appellant.

Bruce Kelley, McCormick Barstow Sheppard Wayte & Carruth, Eron Z. Cannon, Esq., McCormick Barstow, et al., LLP, Las Vegas, NV.

Before: SCHROEDER, HALL and BYBEE, Circuit Judges.

MEMORANDUM *

The facts and procedural posture of the case are known to the parties, and we do not repeat them here.

---

* This disposition is not appropriate for publication and is not precedent except as provided

A. *Powell v. DEF Express, Inc., IBP, Inc., and Royal Express, Inc.*

Plaintiff–Appellants Brenda Powell and Steven Lewis Powell (Powell) appeal six district court orders. We affirm all six orders.

### 1. *Denial of Motion to Remand*

Powell argues that removal was improper because the presence of the Nevada Department of Transportation as a defendant in the lawsuit deprived the district court of subject matter jurisdiction under the Eleventh Amendment. That argument lacks merit. "The Eleventh Amendment ... does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so." *Wisc. Dep't of Corr. v. Schacht,* 524 U.S. 381, 389, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998); *accord ITSI T.V. Prods., Inc. v. Agric. Ass'ns,* 3 F.3d 1289, 1291 (9th Cir.1993).

■ Powell also argues that removal violated three procedural, or nonjurisdictional, rules: (i) the first-served rule for timeliness of removal; (ii) the rule of unanimity; and (iii) the forum defendant rule. *See Maniar v. FDIC,* 979 F.2d 782, 784 (9th Cir.1992) (timeliness of removal is procedural); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n. 1 (9th Cir.1988) (rule of unanimity is procedural); *Lively v. Wild Oats Markets, Inc.,* 456 F.3d 933, 939 (9th Cir.2006) (forum defendant rule is procedural). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). IBP filed its notice of removal on November 19, 2002; Powell filed his motion to remand on December 23, 2002, 34 days

later. Powell's failure to file that motion within the 30–day statutory period resulted in forfeiture of his procedural objections to removal. *See Lively,* 456 F.3d at 942; *see also Caterpillar Inc. v. Lewis,* 519 U.S. 61, 77, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) ("To wipe out the adjudication postjudgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice."); *Grubbs v. Gen. Elec. Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972).

### 2. *Setting Aside of Default Judgments*

■ The district court did not abuse its discretion in setting aside default judgments entered against Royal Express and IBP. Defaults are disfavored and may be set aside for good cause. *See* FED.R.CIV.P. 55(c); *TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691, 696 (9th Cir.2001). Here, the district court properly found good cause because: (1) Powell failed to demonstrate that the setting aside of the defaults hindered his ability to pursue his claims on the merits; (2) Royal Express and IBP both had meritorious defenses; and (3) Royal Express and IBP were both actively defending against Powell's claims, and any error by either defendant resulting in default was excusable given the procedural history of the case. *See Falk v. Allen,* 739 F.2d 461, 463 (9th Cir.1984).

### 3. *Denial of Motion for Discovery Sanctions*

The district court did not abuse its discretion by denying Powell's motion for discovery sanctions against IBP. Discovery sanctions were not warranted against IBP because IBP never had "possession, custo-

dy or control" over the allegedly spoiled evidence. *See Fire Ins. Exch. v. Zenith Radio Corp.*, 103 Nev. 648, 747 P.2d 911, 913 (1987).

#### 4. *Dismissal of Claims Against Royal Express*

■ The district court properly dismissed Powell's claims against Royal Express. Under the Nevada Industrial Insurance Act, workers' compensation provides employees with an exclusive remedy against their employers. *See* NEV.REV.STAT. § 616B.600(1). The California workers' compensation benefits in excess of $1 million received by Powell were distributed pursuant to a "similar law[ ] of [another] state," so the plain meaning of Nevada Revised Statute section 616B.600(1) bars Powell's claims against his employer, Royal Express. Powell's argument that the workers' compensation benefits he received were inadequate is not credible.

#### 5. *Dismissal of Claims Against DEF Express*

The district court properly dismissed Powell's claims against DEF Express where Powell failed timely to oppose DEF Express' motion to dismiss. *See* NEV. DIST. CT. RULE 7–2(d) (stating that failure to file points and authorities in opposition to a motion constitutes consent to the granting of that motion).

#### 6. *Grant of Summary Judgment in favor of IBP*

The district court properly granted summary judgment in favor of IBP. As the moving party, IBP met its initial burden of demonstrating that there was no genuine issue as to any material fact regarding IBP's alleged negligence in loading the beef carcasses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Powell failed to designate specific facts showing that there was a genuine issue of fact for trial. *Id.*

#### B. *IBP, Inc. v. Royal Express, Inc.*

Cross–Defendant–Appellant Royal Express appeals the district court's grant of summary judgment in favor of IBP on its cross-claim against Royal and Order requiring Royal to pay IBP $235,236.57 in attorneys' fees. We affirm.

The plain language of the Indemnity Clause in IBP and Royal's Domestic and International Interstate Motor Transportation Contract (Transportation Contract) made Royal strictly liable for any loss to IBP arising from Royal's performance under that contract. Tractor-trailer crashes are a foreseeable cost of transporting goods across country, as are litigation expenses incurred defending claims arising from those accidents. Those litigation expenses are within the "liabilities, ... claims, actions, suits, costs, ... including without limitation, fees and expenses of legal counsel" contemplated by the Indemnity Clause. Transportation Contract, ¶ 8.

■ Royal argues that the exclusion for claims "attributable to the negligence of [IBP]" bars IBP's recovery of attorney fees. Royal does not contest that Royal and/or its employee were negligent in fact, but argues that the exclusion for claims "attributable to the negligence of [IBP]" should be construed to mean "attributable to the *alleged* negligence of [IBP]." Royal's interpretation is unsound under Nebraska law. *See Woodmen of the World Life Ins. Soc'y v. Peter Kiewit Sons' Co.*, 196 Neb. 158, 241 N.W.2d 674, 675 (1976). Royal's construction would unjustifiably make a plaintiff's theory of recovery, rather than the underlying facts, the trigger for a duty to indemnify IBP. Here, where the plaintiff is an employee of Royal Express, that construction would allow Royal to escape

any contractual liability simply because its own employee chose to allege that IBP's negligence, rather than his own (which is imputed to Royal through vicarious liability), caused the accident.

Royal argues that the Indemnity Clause should only apply to attorney's fees if IBP were sued under a theory of vicarious liability for negligent acts by Royal or its employees. That interpretation is inconsistent with the contractual relationship between Royal Express and IBP. Royal transports goods as an independent contractor. *See* Transportation Contract, ¶ 15. An indemnity clause limited to allegations of vicarious liability would have almost no value to IBP because IBP could not be held vicariously liable for the actions of an independent contractor.

### C. *Conclusion*

We **AFFIRM** the district court's: (1) denial of Powell's motion to remand to state court; (2) setting aside of default judgments entered against Royal and IBP; (3) denial of Powell's motion for discovery sanctions against IBP; (4) dismissal of Powell's claims against Royal Express; (5) dismissal of Powell's claims against DEF Express; and (6) grant of summary judgment in favor of IBP and against Powell.

We **AFFIRM** the district court's grant of summary judgment in favor of IBP on its cross-claim against Royal and Order requiring Royal to pay IBP $235,236.57 in attorneys' fees.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.