ALEX NOVACK & SONS, A CALIFORNIA CORPORATION, AND MURPHY JOHNSON, APPELLANTS, v. PATRICIA HOPPIN, WIDOW OF WILLIAM HOPPIN; PATRICK HOPPIN BY HIS MOTHER AND GUARDIAN AD LITEM, PATRICIA HOPPIN; BILLY HOPPIN, BY HIS MOTHER AND GUARDIAN AD LITEM, PATRICIA HOPPIN; CARRIE LYNN HOPPIN, BY HER MOTHER AND GUARDIAN AD LITEM, PATRICIA HOPPIN; AND HOLLY ALICE HOPPIN, BY HER MOTHER AND GUARDIAN AD LITEM, PATRICIA HOPPIN, RESPONDENTS.

No. 4252

ALEX NOVACK & SONS, A CALIFORNIA CORPORATION, APPELLANT, v. R. & M. PETROLEUM CO., A CORPORATION, AND CONTINENTAL CASUALTY COMPANY, A CORPORATION, RESPONDENTS.

No. 4253

R. & M. PETROLEUM CO., A CORPORATION, AND CONTINENTAL CASUALTY COMPANY, A CORPORATION, APPELLANTS, v. MURPHY JOHNSON, RESPONDENT.

February 8, 1961                    359 P.2d 390

34

See also 75 Nev. 475, 345 P.2d 769.

*Goldwater and Singleton,* of Las Vegas, for Alex Novack & Sons.

*Robert Callister,* of Las Vegas, and *Melvin Belli,* of San Francisco, California, for Respondents Hoppin.

*Clarence Sundean,* of Las Vegas, for R. & M. Petroleum Co. and Continental Casualty Co.

*Deaner, Butler and Adamson,* of Las Vegas, for Murphy Johnson.

**OPINION**

By the Court, PIKE, J.:

Petitioner Hoppin, as widow of William Hoppin and as guardian ad litem of four minor children of the marriage, brought an action for damages against Alex Novack & Sons, a California corporation, and Murphy Johnson. Subsequently R. & M. Petroleum Company and Continental Casualty Company, hereinafter referred to as "Petroleum Corporation" and "Casualty Company," filed another action for damages against the same defendants. The two cases were consolidated for trial and tried before a jury at Las Vegas, Nevada. The appeals now before this court in Cases Nos. 4251 and 4252 are from the judgments based upon verdicts rendered and from orders of the trial court denying motions for new trial. The Hoppin complaint sought damages for the wrongful death of William Hoppin by reason of the negligent acts of defendants, and Petroleum Corporation and Casualty Company sought damages for the loss of a truck-trailer loaded with gasoline and driven by Hoppin at the time of the accident which caused his death and the destruction of the loaded truck-trailer.

Novack, a California corporation, was engaged in the scrap metal business in southern California, and made arrangements with Johnson for him to transport a quantity of scrap metal from near Las Vegas, Nevada to the Novack yards in California, using a truck owned by Johnson and certain large capacity trailers owned

by Novack. In the early morning hours of November 12, 1957 Johnson, enroute from Ontario, California to obtain scrap metal at Nellis Air Force Base near Las Vegas, Nevada, had parked the truck and trailers on or near U. S. Highway 91 in Clark County, Nevada. The paved portion of this highway was 36 feet wide, exclusive of gravel shoulders. The evidence is conflicting as to whether or not the truck and trailers were parked off the highway. Johnson was in the cab of the truck when the gasoline truck-trailer driven by Hoppin, approaching the Johnson outfit from the rear, swerved from its course to avoid it and, after passing the parked truck and trailers, overturned, resulting in Hoppin's death and the destruction by fire of the gasoline laden truck-trailer.

Plaintiffs in both actions alleged negligence on the part of Johnson in parking on the highway without proper lights or flares and, under principles of respondeat superior, also sought judgment against Novack. Plaintiffs, as a further basis for recovery against Novack, alleged and sought to prove acts of negligence in permitting Johnson to use trailers which did not have proper lighting devices and in permitting Johnson to use such equipment without making proper inquiry concerning Johnson's qualifications and licensing to operate the same.

The jury returned verdicts and the court entered judgment thereon as follows: (1) In favor of Hoppin and against Novack for $175,000 compensatory damages; (2) In favor of Hoppin and against Johnson for $50,000 exemplary damages; (3) In favor of Petroleum Corporation and Casualty Company and against Novack for $29,299.95 compensatory damages. The court also, in denying the motions of Petroleum Corporation and Casualty Company to alter or amend the judgment in the favor of each against Novack so as to provide for judgment against Johnson as well, in the same amounts as provided in the judgment against Novack, entered its judgment that Petroleum Corporation and Casualty Company recover nothing from Johnson.

Novack appeals from the judgments in favor of Hoppin and Petroleum Corporation and Casualty Company and from the orders denying its motions to set aside verdicts and motions for a new trial.

Johnson appeals from the judgment in favor of Hoppin and from the order denying Johnson's motion to set aside such verdict and judgment for exemplary damages.

Petroleum Corporation and Casualty Company each appeals from the above referred to judgment of the court that each of them recover nothing from Johnson. (Appeal No. 4253)

Thus, Petroleum Corporation and Casualty Company appear as respondents in the appeal taken by Novack, and as appellants in their appeal just referred to.

Appellant Novack argues that the verdicts for compensatory damages and judgments based thereon in favor of respondent Hoppin cannot be sustained upon any contended showing of a principal and agent relationship between Novack as principal and Johnson as agent, for the reason that the jury returned no verdict for compensatory damages against Johnson and that, in the absence of such a verdict, there was no finding of negligence on the part of Johnson as agent, which could be imputed to Novack as principal, to serve as the basis for an award of compensatory damages against Novack and in favor of Hoppin.

While certain authorities support appellants' contention (Thibodeau v. Gerosa Haulage and Warehouse Corp., 278 N.Y. 551, 16 N.E.2d 98), there is, likewise, authority to the effect that the absence of a verdict in favor of Johnson did not constitute a finding that he was not negligent but, rather, had the effect of an incomplete verdict. Brokaw v. Black-Foxe Military Institute, 37 Cal.2d 274, 231 P.2d 816. Each verdict for compensatory damages against Novack was silent as to Johnson. There was also a verdict for exemplary damages only in favor of Hoppin and against Johnson. Under these facts, by reason of the dual theories of liability upon which plaintiffs sought recovery against Novack, it becomes unnecessary to decide this point raised by Novack on appeal, as the jury could have found Novack liable on the basis of

Novack's independent negligence. Will v. Southern Pacific Co., 18 Cal.2d 468, 116 P.2d 44.

The issues formed by the pleadings, and the evidence at the trial, together with the instructions given, were such as to permit the entry of a judgment in favor of Hoppin and against Novack, independent of any application of the doctrine of respondeat superior. In reaching its verdict the jury had before it evidence supporting the contention of Hoppin as plaintiff that the trailers owned by Novack, and used by Johnson with Novack's consent, did not have proper or adequate lights. Similarly, the jury had before it evidence pertaining to the issue of negligence on the part of Novack in permitting Johnson to use the trailers for the contemplated night-driving conditions, which related to Johnson's qualifications, or lack of them, for the performance of such activity.

As we conclude that there was substantial evidence that Novack's independent negligence was a proximate cause of the accident, the verdict for compensatory damages in favor of Hoppin and against Novack must be sustained. Herring-Hall-Marvin Safe Co. v. Balliet, 38 Nev. 164, 145 P. 941; Nelson v. Smith, 42 Nev. 302, 176 P. 261, 178 P. 625.

The court properly instructed the jury that "before negligence can be actionable, that is to say before it can be charged against a party to a lawsuit, such negligence must be a proximate cause of the damage complained of. This does not mean that the law seeks and recognizes only one proximate cause of an injury, consisting of only one factor, one act, one element of circumstance, or the conduct of any one person. To the contrary, the acts and omissions of two or more persons may work concurrently as the efficient cause of an injury, and in such a case, each of the participating acts or omissions is regarded in law as a proximate cause. * * *"

Any negligence on the part of Novack in furnishing trailers with faulty lighting equipment, or in permitting

a person of Johnson's qualifications to use the equipment under the night-driving conditions, could have been considered by the jury as having been a concurring cause persisting to the time of the accident and separate from any negligence on the part of Johnson, although it may have concurred with any negligent conduct by Johnson as a contributing cause of the accident. Under these conditions, the question of whether Novack's negligence was a proximate cause of the injury was for the jury to decide, since proximate cause is a question of fact, not of law. Beiser v. Cincinnati, N.O.&T.P.R. Co., 152 Ky. 522, 153 S.W. 742, 43 L.R.A. (N.S.) 1050; Hanna v. Fletcher, 97 U.S.App. D.C. 310, 231 F.2d 469, 58 A.L.R.2d 847; 53 Am.Jur., Trial, sec. 235, 1960 Supp., p. 23. See also Benton v. Sloss, 38 Cal.2d 399, 240 P.2d 575.

By reason of our view hereinabove expressed that the verdict for compensatory damages in favor of Hoppin and against Novack was not necessarily based upon principles of respondeat superior, we refer to certain evidence pertaining to the relationship between them as it relates to independent negligence on the part of Novack, including Hoppin's contention that Novack was negligent in permitting Johnson to operate the equipment when Johnson was not qualified or licensed to operate the same. Hoppin contended that Johnson was the agent or employee of Novack, and Novack sought to establish that Johnson was an independent contractor who agreed to transport the scrap metal to the Novack yard using Johnson's tractor and the two trailers loaned to him by Novack, for an agreed price per ton. Hoppin offered evidence that Johnson was not a properly qualified driver by reason of having been cited for 10 or 12 traffic violations in a period of about two years preceding the date when Johnson was permitted to use the Novack trailers, and that Novack either knew or was chargeable with knowledge of the same. The exact nature of the violations as indicating the degree of seriousness of each such violation was not shown. In this regard there was evidence that Johnson had hauled scrap metal to the Novack yard for some four or five

months prior to November 11, 1957 by arrangements with firms other than Novack, but that on November 1, 5 and 6, 1957 he had made trips hauling scrap metal by arrangement with Novack. So far as appears, the 1948 tractor-truck owned by Johnson was used on these previous trips as on the trip of November 11, 1957. Johnson testified that he had on occasions left such tractor and a semitrailer owned by him at the Novack yard, between hauling jobs, and that the two pieces of equipment were at the Novack yard at the time of trial. Each of the Novack trailers was about 24 feet long, dark colored, with 12 lights including sidelights and taillights. In addition, each trailer had, according to the testimony of the Novack shop foreman, a reflector on each end with a six inch reflector on the left rear "flap" of the rear trailer. The shop foreman also testified that a Novack employee had worked on the lighting systems of the trailers for about two and a half hours on November 11, 1957, which work included installing certain new wiring and the replacement of certain light bulbs. He testified that the lights were in working order and that the reflector on the left flap of the rear trailer was in place when Johnson left the Novack yard about 6:30 p. m. on that date.

Although Johnson contended that he parked off the highway shortly after noticing that the lights on the truck were dim, turned the lights off, and placed reflector-type flares to the rear of the parked equipment, his testimony is in conflict with the testimony of the drivers of other vehicles traveling the same direction as Johnson and who passed him prior to the time that he parked. Their testimony was to the effect that, due to faulty lighting on the equipment driven by Johnson, they had not seen such equipment until in its immediate proximity, when each such driver overtaking Johnson had successfully taken last minute emergency action to avoid collision.

The first person to arrive at the scene after the accident testified that he parked his truck to the rear of Johnson's equipment; that Johnson was parked some five feet on the blacktop portion of the highway; that

there were no flares placed to the rear of the parked trailers and no reflector on the flap of the rear trailer. There is no evidence showing that Johnson could not have driven further off the highway, or could not have placed flares, had he elected to do so.

Johnson was the only surviving eye-witness to the accident. He gave a statement to the effect that, after parking the truck and trailers, he concluded that as it was nearly daylight he would try to sleep in the cab. He observed the truck and trailer rig pass him, capsize, and catch fire.

There was evidence that the wiring on the trailers was burned in places and bare of insulation in others and that, due to the absence of, or an inadequate electrical connection between the trailers, the lights on the rear trailer could not function. Such testimony also shows that wiring placed on the first trailer had been strung on the outside of the frame rather than placed through the loom on the inside of the frame and that another improvised wire ran from a marker light on the front of the rear trailer to the two taillights on the rear of the same; that the trailer lights did not work; and the taillights on the truck did not function.

Upon this appeal we must accept as established all facts which the evidence reasonably tended to prove, and to give to the prevailing party the benefit of inferences that might reasonably be drawn from such evidence. Further, the verdict is to be construed as responsive to any and all material issues in the case. Forrester v. Southern Pacific Company, 36 Nev. 247, 264, 134 P. 753, 136 P. 705, 48 L.R.A. (N.S.) 1; Siebrand v. Gossnell, 9 Cir., 234 F.2d 81, 88, and cases there cited.

Accordingly, the jury verdict must be viewed as having determined that Novack negligently supplied trailers equipped with inadequate lights for use at night by Johnson on the particular highways which Johnson would necessarily travel to obtain scrap metal and return it

to Novack's yard. Also, the jury could have decided that such negligence on the part of Novack was a proximate cause of the accident. Siebrand v. Gossnell, supra; Restatement of Torts, sec. 434 (1940 Calif.Anno. 188-190).

We are unable to hold that the risk of injury could not have been reasonably foreseen by Novack. Neither are we satisfied that any negligence on the part of Johnson was so highly unusual or extraordinary as to operate as a superseding cause of the injury, as to absolve Novack from liability. Included in the evidence supporting this conclusion, reference is made to the testimony of the bus and truck drivers who testified to the hazardous condition created by the lack of proper trailer lights, prior to the time that Johnson, according to his testimony, parked the truck and trailers. Novack's negligent conduct could have been a substantial contributing factor in bringing about the injury, and it was not necessary that Novack foresee the exact manner in which injury might occur, or that negligent acts on the part of Johnson might also operate as a concurring cause. Gibson v. Garcia, 96 Cal.App.2d 681, 216 P.2d 119; Osborn v. City of Whittier, 103 Cal.App.2d 609, 230 P.2d 132; Restatement of Torts, sec. 435 (1948 Supp., p. 736) ; Prosser, "The Law of Torts," 2d Ed., sec. 48, pp. 259, 260.

(1) The verdict for $175,000 compensatory damages against Novack must be affirmed. Under the particular facts and circumstances of this case, we are unable to say that the award of damages was so excessive as to justify reversal on that ground.

(2) The judgment in favor of Hoppin and against Johnson for exemplary damages must be reversed. The court gave no instruction relating to exemplary damages and, accordingly, the issue was not properly submitted to the jury for its decision. The jury made no award of compensatory damages in favor of Hoppin and against

Johnson and, in the absence of same, we are unable to sustain the judgment for punitive damages against Johnson. Gerlach Land & Livestock Co. v. Laxalt, 52 Nev. 191, 284 P. 310; Clark v. McClurg, 215 Cal. 279, 9 P.2d 505, 81 A.L.R. 908. The verdict for exemplary damages against Johnson, although unsustainable for the reason indicated, cannot be considered in any sense as a verdict in favor of Johnson. The trial judge, after receiving the verdict, and noting that it provided for exemplary damages only, concerning which no instruction had been given, should have returned the same to the jury for its further consideration. Such procedure was not followed. Hoppin, therefore, is entitled to a new trial as against Johnson.

(3) The judgment in favor of Petroleum Corporation and Casualty Company for compensatory damages against Novack must be sustained, upon the basis that the pleadings, the issues, and the evidence permitted the jury to find that the negligence of Novack in furnishing improperly lighted trailers for the contemplated use by Johnson on the highway, at night, was a contributing cause of the accident, resulting in damage.

(4) In the appeal taken by Petroleum Corporation and Casualty Company from the judgment of the court that each of such appellants recover nothing from Johnson, we conclude that such judgment of the trial court must be reversed and that each of the said appellants is entitled to have the case remanded to the trial court with instructions to grant a new trial against Johnson. The jury returned its verdict for compensatory damages against Novack, and in favor of each of these appellants. The trial court denied the motion of these appellants to modify and amend its judgment so as to provide that each take judgment against Johnson for compensatory damages in the sum awarded each by the verdict in favor of appellants and against Novack and, although we find no error in such denial of the motion, we likewise find no proper basis for the court's judgment that appellants take nothing against Johnson, as there was no verdict returned in his favor.

In Appeals Nos. 4251 and 4252 Hoppin, Petroleum

Corporation, and Casualty Company are allowed their respective costs against Novack. In Appeal No. 4253 no costs are awarded.

BADT, C. J., and MCNAMEE, J., concur.