H. R. KNIER, Appellant, *v.* AZORES CONSTRUC-
TION COMPANY, EVERETT S. M. BRUNZELL
CORPORATION, COMSTOCK CORPORATION,
STAGE COACH INN, Inc., FRED MACOMBER,
KENNETH JOHNSON, BRUCE HANNON, and
JAMES HANNON, Respondents.

No. 4421

February 7, 1962 368 P.2d 673

*Bible, McDonald & Jensen,* of Reno, for Appellant.

*Richards & Swanson,* of Reno, for Respondents.

**OPINION**

By the Court, THOMPSON, J.:

A written agreement, made February 7, 1957, provided that Azores Construction Company, herein referred to as Azores, and Everett S. M. Brunzell Corporation, herein referred to as Brunzell, would pay H. R. Knier, herein referred to as Knier, $25,709.55 to move and rehabilitate The Stage Coach Motel on Highway 40 west of Reno. The work was to commence within 10 days and was to be substantially completed within 120 calendar days thereafter. The sum of $23,180.60 was paid. Ten percent of the contract price, $2,570.95, was withheld because of a dispute as to whether Knier had fully performed. Knier filed a claim of lien for the amount withheld and for an additional amount of $508.44 for claimed extras, and thereafter commenced suit to foreclose.[1] Azores and Brunzell denied any liability to Knier, and themselves sought a recovery against him upon a counterclaim, alleging that they had spent $2,179.99 to finish what Knier should have done, and had lost $2,205 in rental income because of Knier's failure to complete the job on time. The lower court denied relief to Knier upon his complaint, and granted relief

---

[1]In the same action Knier sought to recover $2,038.55 for labor and materials supplied to a dwelling house and not included within the scope of the work required by the written agreement. It was agreed that this amount was due Knier and would be properly reflected in any judgment entered.

to Azores and Brunzell for the exact amounts requested by their counterclaim. Knier appeals.

The following errors are assigned: (1) Insufficiency of the evidence to support the judgment awarding Azores and Brunzell the sum of $2,179.99 spent by them for work, labor, and materials needed to complete the job; and (2) that the judgment for $2,205 representing claimed loss of profits cannot stand as a matter of law.

(1) The basis for the first assignment of error is that the work, labor, and materials totaling $2,179.99 supplied by Azores and Brunzell, was not embraced within the written agreement and specifications, and should not, therefore, be charged against Knier. The items included within the aforesaid sum are lumber $14.34, hardware $96.87, labor $392, patching of plaster and wallboards $178.50, pump repair $329.50, pump installation $65.28, and paint and labor $1,103.50. Except for the last item, paint and labor, we believe the lower court could properly find all items to have been part of the work required by the written agreement and specifications. However, we do not believe that the amount of $1,103.50 for paint and labor was within the scope of the work required by the said agreement and specifications. That agreement, in declaring the general intent of the parties, provided "It is the general intent of these specifications that the work involved entails the moving of the existing motel units to the designated site. These buildings to be assembled and/or re-erected in the manner to present a final completed habitable, operating motel in its entirety. All repairs, remodeling, connected sectioned units, etc., to be completed in a workmanlike, acceptable manner presenting in effect a newly built structure similar to its appearance while it was being operated as The Stage Coach Motel, on Highway 40."

On the other hand, the specifications which were expressly made a part of the agreement, as to painting, particularly provided as follows: "All exterior walls shall have one coat Barn Red paint of good quality. Doors and windows to be trimmed in white. All interiors to have touchup work where patching or other damage

occurs." The item for $1,103.50 here in question was for painting the interiors of the motel units. The interior "touchup" work had been done by Knier. In claiming that amount, Azores and Brunzell rely upon the general intent recital of the agreement, and argue that the renovated motel could not present the effect of a "newly built" structure, "habitable in its entirety" and "similar to its appearance while it was being operated as The Stage Coach Motel" unless the interiors were completely painted. Knier contends that the specific provisions of the specifications, which were made a part of the agreement, designate the extent of his duty with reference to interior painting.

The "general intent" recital of the agreement did not specifically designate the painting obligation imposed upon Knier. The particular provisions of the specifications did. Under such circumstances the particular provisions control. Derby Desk Co. v. Conners Bros., 204 Mass. 461, 90 N.E. 543; annotation in Ann.Cas. 1913 C, p. 224. Accordingly, the lower court erred in allowing Azores and Brunzell the sum of $1,103.50 for painting the interiors of the motel units.

(2) The agreement contemplated that Knier would substantially be through with his work by June 17, 1957.[2] He was not. Ten units were not ready for use until July 4, 1957 and the remaining seven units until August 14, 1957. Because of such delay, Azores and Brunzell claim a loss of profit in the amount of $2,205. The lower court allowed that amount. Knier contends that error was thus committed.

The Stage Coach Motel at its new location was a new business venture. Admittedly, it had been operative one-half mile away from 1953 to the fall of 1955 when it closed. The record before us is silent as to why it closed.

[2]Counsel incorrectly believed the work was to have been substantially completed by June 7, 1957, and attempted to compute damages accordingly. The work was to have been completed within 120 days after February 17, 1957, that is, by June 17, 1957.

Nor does it reveal whether the motel at its original location ever enjoyed a profit. Hence, the fact that it had been an operating motel two years before at a nearby location, under the circumstances of this case, is of no assistance to Azores and Brunzell in their attempt to establish a claim for loss of profits.

In Dieffenbach v. McIntyre, 208 Okla. 163, 166, 254 P.2d 346, 349, it was said "While it is true that we have in numerous cases held that the loss of profits in an established business is a proper element of damages, the business of plaintiff in her former uptown location could not be used, we think, to measure the damages sustained by her, because of her removal from the buildings of defendant. She occupied the buildings of defendant only two months, and that in our opinion was not a sufficient length of time to constitute her business there an established business." Where the loss of anticipated profits is claimed as an element of damages, the business claimed to have been interrupted must be an established one and it must be shown that it has been successfully conducted for such a length of time and has such a trade established that the profits therefrom are reasonably ascertainable. See Annot., 1 A.L.R. 156; 99 A.L.R. 938.

The rule against the recovery of uncertain damages generally is directed against uncertainty as to the existence or cause of damage rather than as to measure or extent. Brown v. Lindsay, 68 Nev. 196, 205, 228 P.2d 262, 266. We hold that the claimed existence of damage, that is, the loss of prospective profits, of The Stage Coach Motel, a new business enterprise, is too uncertain and speculative to form a basis for recovery.

Accordingly, the judgment below, in favor of defendants and counterclaimants, is reversed, and the cause remanded for entry of judgment in favor of plaintiff below and against the defendants Azores Construction Company and Everett S. M. Brunzell Corporation for

the sum of $3,533.01 and costs.[3] The lower court is directed to determine and allow to the plaintiff below a reasonable attorney's fee, in accordance with NRS 108.170 (subd. 3).

BADT, C. J., and McNAMEE, J., concur.

---

[3]The amount of the judgment is computed as follows:

| | |
|---|---:|
| Agreed sum due Knier for work on dwelling | $2,038.55 |
| Contract price for motel rehabilitation | 25,709.55 |
| | $27,748.10 |
| Less $23,138.60 paid Knier and $1,076.49 work done by Azores and Brunzell which Knier should have done | —24,215.09 |
| Due Knier | $3,533.01 |