EUGENE S. HUGHES, HELEN B. HUGHES, JAY HUGHES AND JAN MARY DONATI, APPELLANTS, v. R. H. HOBSON AND OVERLAND INC., A NEVADA CORPORATION, RESPONDENTS.

No. 8504

December 21, 1976                     558 P.2d 543

*Stewart & Horton, Ltd.,* Reno, for Appellants.

*Bradley & Drendel,* Reno, for Respondents.

## OPINION

*Per Curiam:*

Respondents' offer to purchase commercial property in Reno, Nevada, was accepted by appellants who, during negotiations, had represented that (1) the sale price included all business fixtures; (2) the property was not under lease; and, (3) the occupant, one Birches Bird, was merely a month-to-month tenant. Shortly after the sale was consummated respondent served Bird with a notice to quit. Bird refused, claiming he was a tenant under a long-term written lease. After much confusion and litigation not here relevant, Bird voluntarily surrendered the premises, but took with him many of the business fixtures.

Respondents sought damages from appellants for their failure to disclose the lease and to deliver the business fixtures. The district court determined there was a valid and enforceable lease which encumbered the property, the business fixtures were the personal property of Bird, and appellants were liable for damages incurred by respondents due to appellants' misrepresentations. Appellants here contend the district court erred in, (1) finding a valid and enforceable lease encumbered the property and, (2) awarding damages for both loss of income or profits and failure to deliver the business fixtures.

1. The district court's finding that the Bird lease was valid and enforceable is supported by substantial evidence and will not be disturbed. Holland Livestock v. B & C Enterprises, 92 Nev. 473, 553 P.2d 950 (1976), and cases cited therein.

2. The district court's award of damages in the amount of $10,816 for failure to deliver personalty pursuant to the sales contract is also supported by the evidence and will be sustained. Jones v. Golick, 46 Nev. 10, 206 P. 679 (1922). However, damages of $22,265 awarded for loss of profits must be reversed because those damages were based on prospective profits of a new business venture which we have held are too uncertain and speculative to form a basis for recovery. Alper v. Stillings, 80 Nev. 84, 389 P.2d 239 (1964); Knier v. Azores Constr. Co., 78 Nev. 20, 368 P.2d 673 (1962).

Other issues raised by appellants are without merit and we need not consider them.

The portion of the judgment awarding $22,265 damages for loss of profits is reversed; the remaining portion is affirmed.