KROEGER PROPERTIES & DEVELOPMENT, INC., a Nevada Corporation, KROEGER PROPERTIES, INC., a California Corporation; HENRY KROEGER and KATHRYN KROEGER, Husband and Wife, Appellants, v. SILVER STATE TITLE COMPANY, a Nevada Corporation, Respondent.

No. 16047

March 28, 1986                    715 P.2d 1328

---

*Joseph I. Cronin,* Minden, for Appellants.

*Manoukian, Scarpello & Alling,* Carson City; *Richard Glasson,* Zephyr Cove; and *Michael R. Specchio,* Reno, for Respondent.

## OPINION

*Per Curiam:*

In this breach of contract action, the jury found that respondent, Silver State Title Company, violated an escrow agreement by conveying appellants' properties. We are faced with the question of whether the trial court erred in ordering a new trial based on insufficiency of the evidence, where the court found that the evidence was not so overwhelming as to justify granting judgment notwithstanding the verdict. We hold that such order was erroneous, and reverse with instructions to reinstate the jury verdict.

Prior to January 18, 1978, Mr. Kroeger discussed with Ferdi Sievers the possibility of developing certain properties in the Lake Tahoe area. Sievers stated that Gura Nevada, Inc. might be willing to finance the project, but that the company wished to deal directly with Sievers. It was agreed that Kroeger and Sievers (and related persons and entities) would contribute properties which would be placed in escrow pending the outcome of negotiations between Sievers and Gura Nevada, Inc. On January 18, 1978, appellants, Kroeger Properties & Development, Inc., Kroeger Properties, Inc., Henry Kroeger and Kathryn Kroeger (the Kroegers), entered into an escrow contract with respondent, Silver State Title Company (Silver State). The contract provided that if Ferdi Sievers and Gura Nevada, Inc. entered into a written agreement for the development of the properties by February 28, 1978 (or within 60 days thereafter, if Gura Nevada, Inc. opted to extend the time), Silver State was to convey the properties in accordance with the terms of that agreement. If no such agreement was forthcoming, Silver State was to return the properties to the original owners. Silver State conveyed the properties to Tahoe Nevada, Inc. (a limited partnership between Ferdi Sievers and another limited partnership of which Roman Gura, individually, was a partner) between May 26, 1978 and February 21, 1979.

The Kroegers' contention was that Sievers and Gura Nevada, Inc. did not enter into the development agreement, and therefore the conveyance of the Kroegers' properties to a third party was in breach of the escrow contract. The jury agreed, awarding the Kroegers $3,100,000.

Silver State moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court concluded that "the facts and inferences are not sufficiently overwhelming in favor of the defendant to justify judgment *non obstante ver-dicto.*" However, the court granted a new trial based on "the failure of plaintiff to meet the burden of disproving the existence of the Sievers-Gura Nevada, Inc. agreement." This amounts to granting a new trial based on insufficiency of the evidence. In 1969 this court amended NRCP 59 to eliminate insufficiency of the evidence as a ground for granting a new trial. Although an exception has been recognized where there is plain error or manifest injustice (Price v. Sinnott, 85 Nev. 600, 607, 460 P.2d 837, 841 (1969); Rees v. Roderiques, 101 Nev. 302, 701 P.2d 1017 (1985)), this exception will be strictly construed.

In order to find manifest injustice a case must be presented where "the verdict or decision strikes the mind, at first blush, as manifestly and palpably contrary to the evidence. . . ." *Price,* 85

Nev. at 608, 460 P.2d at 842 (citations omitted); *see also* Amundsen v. Ohio Brass Co., 89 Nev. 378, 381, 513 P.2d 1234, 1236 (1973) (standard not met). "The fact that the weight of the evidence . . . may have been against the verdict returned in the view of the trial judge, does not invest him with authority to order that the cause be tried again." Fox v. Cusick, 91 Nev. 218, 221, 533 P.2d 466, 468 (1975).

We cannot say in this case that a new trial was warranted. The key issue was whether Sievers and Gura Nevada, Inc. did enter into the development agreement. The fact that Silver State did not possess even a copy of such an agreement is strong circumstantial evidence of its non-existence. There was testimony by James Owens,[1] the president of Silver State, that he conveyed the properties in reliance on a limited partnership agreement which created Tahoe Nevada Properties. (This document did not involve Gura Nevada, Inc. and did not mention the properties or development of any properties.) It was undisputed that Silver State deeded out the bulk of the properties one to three months after the date specified in the escrow agreement.[2] It was also undisputed that Silver State did not notify the Kroegers of the conveyances, even though Mr. Kroeger was in contact with Silver State several times a month during the time the property was being conveyed. In fact, the Kroegers contacted Silver State on August 25, 1978, to express their concern that the properties might be conveyed even though no development agreement had been reached. An officer of Silver State prepared a written instruction forbidding conveyance of their properties by Silver State. Silver State failed to inform the Kroegers that the bulk of the property had already been conveyed and went on to convey the remaining property almost six months later, on February 21, 1979. All of these factors support the jury's finding that Silver State breached the escrow contract.

[1]Owens' testimony concerning the existence of such a development agreement was vague and contradictory. He testified at various times that he didn't believe he had seen such an agreement prior to conveying the properties, that he didn't recall whether he had ever seen an agreement, that he believed he had seen an agreement, and that he didn't know how many pages the agreement was or where he had seen it.

[2]The escrow contract specified that the written development agreement had to be reached by February 28, 1978; however, Gura Nevada, Inc. had an option to extend that date by 60 days. Although Silver State produced an "Exercise of Option" extending the time, Owens testified that Silver State did not possess a copy of that document at the time the properties were conveyed.

Although there was some evidence that a development agreement had been executed,[3] the jury was entitled to disbelieve it. *See, e.g.,* Fox v. Cusick, 91 Nev. at 221, 533 P.2d at 468; Ewing v. Sargent, 87 Nev. 74, 78, 482 P.2d 819, 822 (1971). In light of the conflicting nature of the evidence, it cannot be said that the verdict was "manifestly and palpably contrary to the evidence." Therefore the trial court erred in granting a new trial.

The order is reversed, with instructions to enter judgment according to the verdict.

[3]A document entitled "DECLARATION OF COMPLIANCE WITH AGREEMENT OF JANUARY 18, 1978" was introduced. That document, signed in April of 1979 by Ferdi Sievers and a representative of Gura Nevada, Inc., recited that the development agreement contemplated by the escrow contract was entered into on February 28, 1978.