HOUSTON EXPLORATION INCORPORATED, APPELLANT, v. T. K. MEREDITH, INDIVIDUALLY; T. K. MEREDITH, DBA MEREDITH STEEL CONSTRUCTION, RESPONDENTS.

No. 17091

December 4, 1986                           728 P.2d 437

*Henderson & Nelson* and *James M. Walsh,* Reno, for Appellant.

*Woodburn, Wedge, Blakey & Jeppson,* and *W. Chris Wicker,* Reno, for Respondents.

---

## OPINION

*Per Curiam:*

This action arose from a contract to sell equipment to a mining venture commenced by Houston in Spring Valley near Lovelock, Nevada. Houston purchased a trommel[1] from Meredith to process ores from its mining claim. The trommel allegedly did not perform up to Houston's expectations.

Houston brought this action seeking damages for breach of warranty and conversion. Houston also alleged that Meredith defectively manufactured the trommel it sold to Houston. Meredith subsequently repossessed some of the equipment when Houston refused to pay the sales price specified in the contract.

The trial culminated in a jury verdict in Houston's favor for $65,000.00 in compensatory damages and $40,000.00 in punitive damages. Thereafter, motion was made for judgment notwithstanding the verdict or new trial. The district court granted a new trial on the issue of damages only.

The case was retried by a new jury on the issue of damages. During the trial, expert testimony was offered on behalf of Houston regarding lost profits on Houston's new mining venture due to the failure of equipment provided by Meredith. This testimony was excluded by the trial court as speculative. The jury verdict awarded no damages to Houston.

Houston moved alternatively for a new trial on the issue of damages or additur, based upon the exclusion of evidence of lost profits. He also challenged the ruling of the district court in allowing Meredith's mining expert, Ingle, to testify when his identity had not been disclosed through the discovery process. Houston's motion was denied and the instant appeal followed.

The history of Nevada's law concerning the recovery of lost

---

[1]A trommel is a cylindrical device. Unprocessed ore is introduced into a solid end, called the scrubber, where the ore is rotated and washed to remove heavy minerals (including gold and gold-bearing particles) from other material. The device is sloped downward so the water and ore travel toward the opposite end as the trommel rotates. The washed materials go through a section of the cylinder, called a screening section, which is perforated. The holes allow small, heavy gold-bearing particles to be collected for further separation and processing. The remainder of the material exits the trommel onto a conveyor belt for delivery to the waste or tailings pile.

profits for a new businesss venture reflects an evolution consistent with an increasing sophistication in economic forecasting. In Knier v. Azores Constr. Co., 78 Nev. 20, 368 P.2d 673 (1962), a case involving lost profits in a new hotel venture, this court held that when a loss of anticipated profits is claimed as an element of damage, "the business claimed to have been interrupted must be an established one and it must be shown that it has been successfully conducted for such a length of time and has such a trade established that the profits therefrom are reasonably ascertainable." *Id.* at 24, 368 P.2d at 675.

In Hughes v. Hobson, 92 Nev. 683, 558 P.2d 543 (1976), this court stated that damages based on the prospective profits of a new business venture are too uncertain and speculative to form a basis for recovery. *Id.* at 684, 558 P.2d at 544.

The reasonable certainty standard mentioned in *Knier* has been utilized to allow recovery of lost profits in new business ventures in jurisdictions surrounding Nevada. *See, e.g.,* Guard v. P & R Enterprises, Inc., 631 P.2d 1068 (Alaska 1981); International Technical Instruments, Inc. v. Engineering Measurements Co., 678 P.2d 558 (Colo.Ct.App. 1983); Cope v. Vermeer Sales and Service of Colorado, 650 P.2d 1307 (Colo.Ct.App. 1982); Young v. Scott, 700 P.2d 128 (IdahoCt.App. 1985); Galindo v. Hibbard, 678 P.2d 94 (IdahoCt.App. 1984); Western Energy, Inc. v. Georgia Pacific Corp., 637 P.2d 223 (Or.Ct.App. 1981); Welch v. U.S. Bancorp. Realty & Mortgage, 596 P.2d 947 (Or. 1979); Acculog, Inc. v. Peterson, 692 P.2d 728 (Utah 1984); Cook Ass'n, Inc. v. Warnick, 664 P.2d 1161 (Utah 1983); Wyoming Bancorporation v. Bonham, 563 P.2d 1382 (Wyo. 1982).

We had occasion to clarify our holding in *Knier, supra,* in the later case of Bader v. Cerri, 96 Nev. 352, 609 P.2d 314 (1980), in which this court commented as follows:

> [W]e held that the Stage Coach Motel, a new business enterprise, could not claim as damages, the loss of prospective profits since such a claim would necessarily rest upon speculation and uncertainty. Bader argues that the *Knier* opinion precludes the award of $18,270 resulting from the conversion of the cattle. The pronouncement of *Knier* does not apply if evidence is received from which a jury reasonably could ascertain lost profits.

*Id.* at 358, 609 P.2d at 318.

While *Bader* was not a case dealing with lost profits on a new venture, it clearly portrayed, as evidenced by the above quotation, this court's view concerning the recovery of lost profits by an aggrieved new business where evidence is adduced enabling a

trier of fact to ascertain the extent of the loss with reasonable certainty. The existence and extent of lost profits thus become issues of evidentiary weight instead of admissibility. El Ranco, Inc. v. First Nat'l Bank, 406 F.2d 1205 (9thCir. 1968).

The trial court disallowed the testimony of Houston's expert witness on categorical grounds that lost profits for a new business venture were too speculative. This was error. Assuming, as we must from the record, that the witness was properly qualified as an expert, the proffered testimony should have been admitted. It was for the jury to determine the weight to be assigned such testimony. As it was, the jury was given no evidentiary basis for considering Houston's claim for lost profits resulting from Meredith's failure to provide a trommel free of defect.

We have considered Houston's other specification of error concerning the admissibility of the limited testimony of Meredith's witness, Ingle, and conclude that it is without merit. *See* NRCP 61.

The order of the district court denying Houston's motion for a new trial is reversed and the case is remanded for a new trial on the issue of damages.