PATRICIA LORRAINE CATHCART, Appellant, v. ROBISON, LYLE, BELAUSTEGUI & ROBB, a Professional Corporation; KENT R. ROBISON and ROBERT E. LYLE, Respondents.

No. 19281

August 21, 1990                                      795 P.2d 986

---

*Hamilton & Lynch,* Reno, for Appellant.

*Vargas & Bartlett,* and *Nicholas Frey,* Reno, for Respondents.

## OPINION

*Per Curiam:*

### The Facts

Dr. Robert Cathcart filed for divorce from his wife, appellant Patricia Cathcart, in August, 1979. During approximately the next two years, Patricia had a number of attorneys represent her in the divorce proceedings. Finally, she retained Kent R. Robison, Esq. (Robison) upon the recommendation of a friend who was an administrative law judge.

Robison was retained by Patricia in May of 1981. He took the case and was almost immediately successful in motivating Dr. Cathcart, who had a history of ignoring court orders to support his wife and children, to comply by having a bench warrant issued for the doctor's arrest.

The Cathcart divorce was finally scheduled for trial in November, 1981. However, because of a scheduling conflict, Robison was unable to represent Patricia at trial. With his client's approval, Robison had his partner, Robert E. Lyle, Esq. (Lyle), an experienced divorce litigator, try the case. Both Robison and Patricia briefed Lyle and otherwise assisted him in preparing the case for trial.

The trial lasted approximately a day and one-half. Patricia was awarded a one-half interest in the house, one-half of the monthly royalty income for the duration of a patent owned by Dr. Cathcart on a prosthetic hip device, and approximately one-half of the personal marital property.

The trial court's judgment was not appealed. However, Lyle did expend considerable time in bringing the matter to a conclusion following entry of judgment. Ultimately, Patricia chose to retain new counsel to finalize post-divorce residual concerns.

This appeal arises from a dispute between Patricia and Robison and Lyle concerning the value of their legal representation. Initially, Robison and Lyle filed suit and prayed for approximately $35,000, but this complaint was dismissed without prejudice and the matter was submitted to the Bar Association Fee Dispute Committee. Ultimately, Robison and Lyle refiled their complaint and simply prayed for "reasonable attorney's fees." Patricia counterclaimed against Robison and Lyle, alleging legal malpractice.

After extensive discovery by both parties, the claims and counterclaims went to trial before a jury. Following a five week trial, the jury rejected Patricia's counterclaim against Robison and Lyle and returned a verdict of $90,000 as reasonable attorneys' fees for Robison and Lyle.[1]

## Discussion

On appeal, Patricia raises numerous issues, one of which has merit. She argues that the jury's award of $90,000 as reasonable attorney's fees is manifestly unjust and unsupported by the evidence. We agree.

Robison and Lyle were handling what may be appropriately characterized as a routine divorce case. Their representation of Patricia was effective in that they obtained a result favorable to their client; however, the record does not support an award of $90,000 as a reasonable fee for the legal services provided. This case falls within our ruling in Meyer v. Swain, 104 Nev. 595, 598, 763 P.2d 337, 339 (1988), which held: "[M]anifest injustice is present when a verdict 'strikes the mind, at first blush, as manifestly and palpably contrary to the evidence.'" Kroeger Properties v. Silver State Title, 102 Nev. 112, 715 P.2d 1328 (1986).

Patricia's divorce trial only lasted a day and one-half, a new attorney was brought in and was able to prepare for trial in less than a week, and the issues presented were not particularly complex or difficult. Perhaps more telling is that initially Robison

[1]Many of the facts outlined in the discussion above were hotly disputed by the parties during trial. We have applied the standard outlined in Novack v. Hoppin, 77 Nev. 33, 359 P.2d 390 (1961), which held: "[On] appeal [this court] must accept as established all facts which the evidence reasonably tended to prove, and to give to the prevailing party the benefit of inferences that might reasonably be drawn from such evidence." *Id.* at 42, 359 P.2d at 395. *See also,* Morse v. Daly, 101 Nev. 320, 704 P.2d 1087 (1985).

and Lyle sought approximately $35,000 as a reasonable fee. The jury awarded nearly three times that amount. Nothing in the record supports such an award.

The jury's $90,000 award strikes us as "manifestly and palpably contrary to the evidence" and therefore must be vacated. "[H]ad the jury properly applied the instructions of the [trial] court, it would have been impossible for them to reach the verdict which they reached." *Weaver Brothers, Ltd. v. Misskelley*, 98 Nev. 232, 234, 645 P.2d 438, 439 (1982). Regarding the amount of damages, we have previously held and the law is well settled,

> [T]hat to justify a money judgment *the amount,* as well as the fact of damages, *must be proved;* that there must be substantial evidence as to the amount of damage, as *the law does not permit arriving at such amount by conjecture;* that to prove the right to damages without proving the amount, entitles a plaintiff to nominal damages only.

*Alper v. Stillings*, 80 Nev. 84, 86-87, 389 P.2d 239, 240 (1964) (emphasis added). *See also,* Commercial Cabinet Co. v. Wallin, 103 Nev. 238, 737 P.2d 515 (1987).

With the exception of the $90,000 award, we sustain in all respects the jury's findings. We therefore remand this matter to the trial court with instructions to evaluate the reasonable value of Robison's and Lyle's services from the evidence of record, and to enter findings and remittitur in accordance therewith.

Patricia's remaining issues have been considered and are without merit. The case is remanded to the district court for further proceedings consistent with this opinion.

MOWBRAY, J., dissenting.

Respectfully, I dissent in part.

I agree and concur with the majority opinion in all respects except this court's disposition of the jury's award of attorney's fees.

This case was the culmination of a long and stormy period of litigation.

The appellant in the court below demanded a trial by jury. She was given a trial by jury. After a full trial, the jury awarded the respondent $90,000.00 in attorney's fees. Admittedly, this is a generous award. However, the facts in the record below support the jury's award. Now, appellant seeks another "bite at the apple." We are overruling the jury's award and remanding the case for another trial on the issue of the award of attorney's fees, not before a jury but before a judge.

I do not agree with this result. I would affirm the jury's award of the attorney's fees in its entirety.