# IN THE SUPREME COURT OF THE STATE OF NEVADA

NEVADA CAPITAL INSURANCE
COMPANY, A NEVADA
CORPORATION, AS SUBROGEE AND
ASSIGNEE OF GILLETT
CONSTRUCTION, LLC, A NEVADA
LIMITED LIABILITY COMPANY,
Appellant,
vs.
FARMERS INSURANCE EXCHANGE,
AN UNINCORPORATED
ASSOCIATION,
Respondent.

No. 70572

FILED

SEP 21 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment to the defendant in an insurance dispute. Eighth Judicial District Court, Clark County; Valerie Adair, Judge.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

This case stems from a car collision between nonparties Anthony Cortez and Ryan Luker in Las Vegas. All parties agree that Cortez was 100% responsible for the collision. Luker suffered severe injuries and required extensive medical treatment.

When Cortez's vehicle struck Luker's, Cortez was running a work-related errand for his employer, Gillett Construction, LLC. All parties agree that Gillett Construction is vicariously liable for the accident. Gillett Construction was insured by Nevada Capital Insurance Company (Nevada

18-37011

Capital) with a policy limit of $1,000,000 per claimant in a single occurrence.

At the time of the accident, Cortez was personally insured by Farmers Insurance Exchange (Farmers). Though the Farmers policy did not explicitly name Gillett Construction, Farmers acknowledges that Gillett Construction was an "omnibus insured" under that policy. The Farmers policy had a liability limit of $30,000 per claimant in a single occurrence. The policy stated: "We will not defend any suit or make additional payments after we have paid the limits of coverage shown in the Declarations."

On December 28, 2006, Luker sent letters to both insurance companies demanding policy limits to compensate Luker for his injuries. The following week, Farmers sent a check on behalf of Cortez for its policy limits of $30,000. In exchange, Luker executed a Release agreement, discharging Cortez and Farmers from liability for the accident. That Release did not mention Gillett Construction. A Nevada Capital internal memo, dated January 9, 2007, indicates that Nevada Capital was aware that Farmers had exhausted its $30,000 policy limits.

Nevada Capital refused to release its $1,000,000 policy limits, so Luker sued Gillett Construction. Nevada Capital sent Farmers a request to accept the tender of defense of Gillett Construction. Farmers refused, explaining that its duty to defend Gillett Construction was discharged by its $30,000 payment to Luker. Nevada Capital defended Gillett Construction for four years before settling for its policy limits of $1,000,000. Nevada Capital claims that, over the course of litigation, it incurred $291,319.13 in defense fees and costs.

Gillett Construction assigned to Nevada Capital all its potential claims against Farmers. Nevada Capital sued Farmers in the Clark County

SUPREME COURT
OF
NEVADA

(O) 1947A

District Court for "Breach of Contract," "Breach of Implied Covenant of Good Faith and Fair Dealing," and "Violations of Nevada's Unfair Claims Practices Act NRS 686A.310." All of Nevada Capital's claims were based on its status as assignee of Gillett Construction's claims.

Farmers moved for summary judgment. At the hearing on that motion, the discussion focused on the issue of damages—that is, whether Farmers' alleged misconduct caused Nevada Capital to settle with Luker for more than it would have absent that alleged misconduct. In a written order, the district court found Nevada Capital's claim for damages to be "speculative," so the court granted summary judgment to Farmers because Nevada Capital "is unable to prove the damages element of any of its claims."

Nevada Capital appeals that order granting summary judgment to Farmers.

## DISCUSSION

This court reviews motions for summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the non-moving party, presents no genuine issue of material fact and entitles the moving party to judgment as a matter of law. *Id.*

Though several issues are raised on appeal, the only issue we need address is whether the district court properly granted summary judgment in favor of Farmers because Nevada Capital failed to show that Farmers' actions resulted in damages.

Causation of damages is a required element for successful tort and contract claims. *Clark County Sch. Dist. v. Richardson Constr., Inc.*, 123 Nev. 382, 396, 168 P.3d 87, 96 (2007) ("That is, if the damage of which

the promisee complains would not have been avoided by the promisor's not breaking his promise, the breach cannot give rise to damages." (internal quotation marks omitted)). While the *extent* of damages need not be certain for a party to recover, a party's failure to establish "the existence or cause of damage" will bar recovery. *Knier v. Azores Const. Co.*, 78 Nev. 20, 24, 368 P.2d 673, 675 (1962); *see also Franchise Tax Bd. of Cal. v. Hyatt*, 133 Nev., Adv. Op. 102, 407 P.3d 717, 749-50 (2017) (affirming a district court's grant of summary judgment to a defendant because the plaintiff failed to present evidence "establish[ing] that any of the hypothetical steps actually occurred").

In this case, because Nevada Capital is suing as the assignee of Gillett Construction's claims, Nevada Capital must show that Farmers' conduct caused Gillett Construction damages. *Richardson Constr.*, 123 Nev. at 396, 168 P.3d at 96. At first glance, such a showing seems impossible to make, because Nevada Capital defended Gillett Construction throughout the litigation and, as Nevada Capital concedes, Gillett Construction "didn't have to pay any money out of its pocket." Farmers uses that fact to argue that Nevada Capital cannot possibly show that Gillett Construction suffered damages.

However, as Nevada Capital argued below, "an expense can be incurred even if it is ultimately satisfied by another party." *Logan v. Abe*, 131 Nev. 260, 265, 350 P.3d 1139, 1142 (2015). That is, Gillett Construction has incurred damages so long as it incurred an obligation to pay—even if its insurers paid on Gillett Construction's behalf.

The question then becomes: How did Farmers' settlement with Cortez cause Nevada Capital to pay more than it would have paid otherwise? This question was the focus of the district court's hearing on Farmers' motion to dismiss. Nevada Capital's only argument as to damages

was that Nevada Capital *could* have negotiated a settlement earlier, thus avoiding litigation costs, had it known that Luker was interested in settling. The district court repeatedly asked Nevada Capital how it could prove that such a scenario was likely when the facts indicated that Luker was uninterested in settling with Gillett Construction for less than Nevada Capital's policy limit of $1,000,000. Receiving no concrete answer, the district court concluded, "I'm not seeing any facts that can be proven from which you might draw a reasonable inference as to how [Luker's] conduct would have been different."

In briefings before this court, Nevada Capital again fails to explain how either it or Gillett Construction has suffered damages stemming from Farmers' conduct. Nevada Capital provides no explanation as to *what* its damages were, how those damages could be calculated, or what uncovered material facts could help resolve this issue. The theory that settlement *could* have been reached earlier had Farmers acted differently is "too uncertain and speculative to form a basis for recovery." *See Knier*, 78 Nev. at 24, 368 P.2d at 675. Therefore, we conclude that the district court correctly granted summary judgment for Farmers.

ORDER the judgment of the district court AFFIRMED.


_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                              Gibbons

_____, J.          _____, J.
Pickering                           Hardesty

_____, J.          _____, J.
Parraguirre                         Stiglich

cc: Hon. Valerie Adair, District Judge
Stephen E. Haberfeld, Settlement Judge
Barron & Pruitt, LLP
Atkin Winner & Sherrod
Eighth District Court Clerk