**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

OCT 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| 1600 EAST NEWLANDS DRIVE, LLC, | No. 20-17355 |
| Plaintiff-Counter-Defendant-Appellee, | D.C. No. 3:17-cv-00566-RCJ-WGC |
| v. | |
| AMAZON.COM, INC., | MEMORANDUM* |
| Defendant-Appellant, | |
| and | |
| AMAZON.COM.NVDC, LLC, FKA Amazon.com.NVDC, Inc., | |
| Defendant-Counter-Claimant-Appellant. | |

| | |
|---|---|
| 1600 EAST NEWLANDS DRIVE, LLC, | No. 21-15009 |
| Plaintiff-Counter-Defendant-Appellant, | D.C. No. 3:17-cv-00566-RCJ-WGC |
| v. | |
| AMAZON.COM, INC., | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant-Appellee,

and

AMAZON.COM.NVDC, LLC, FKA
Amazon.com.NVDC, Inc.,

Defendant-Counter-Claimant-
Appellee.

Appeals from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Argued and Submitted October 18, 2021
San Francisco, California

Before: WATFORD and HURWITZ, Circuit Judges, and BAKER,** International Trade Judge.

**1.** Plaintiff 1600 East Newlands Drive, LLC (END) failed to prove at trial that it is entitled to recover holdover rent under Nevada law. To prevail on that claim, END was required to prove that, at the time the lease ended, the property was either "substantial[ly] damage[d] or in an unusable condition." *Consumers Distrib. Co. v. Hermann*, 812 P.2d 1274, 1277 (Nev. 1991). The record does not support such a finding.

---

** The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

It was undisputed at trial that Amazon made repairs to the warehouse cooling system beyond the end of the lease and that the repairs cost several hundred thousand dollars. But the sizeable cost of the repairs alone does not establish that the warehouse was substantially damaged, and the evidence at trial did not establish that the cooling system was inoperable. In fact, two witnesses testified that the cooling system was operational when the lease ended, even though the necessary maintenance repairs had not yet been made. END has not identified any evidence in the record rebutting that testimony, and it points to no evidence establishing that the warehouse was otherwise in an unusable condition.

Nor has END identified any evidence in the record establishing that its efforts to relet or sell the property were hampered by the presence of the contractors or the fact that the cooling system still needed work. *See id.* at 1278. END's real estate broker testified that during the relevant period he was able to bring interested parties to tour the property without trouble. Although the broker was required to notify Amazon's contractor before visiting the property, the evidence shows that the purpose of requiring notice was simply to ensure the safety of everyone in the building, not to prevent END from gaining unfettered access. Moreover, nothing in the broker's testimony or elsewhere in the record suggests that his ability to conduct tours was negatively impacted. END has not identified

any evidence showing that potential tenants or buyers who toured the property were put off by the fact that repairs had not been completed.

Given this record, END failed to prove the existence of a holdover tenancy. We reverse the district court's contrary determination and remand for entry of judgment in Amazon's favor on END's claim for holdover rent.

**2.** END also failed to prove entitlement to damages for repairs it contends Amazon was obligated to complete under the terms of the lease. With respect to the gas line repairs for which the district court awarded $7,500 in damages, the record shows that the leaks were discovered months after the lease had ended and Amazon had vacated the property. END did not introduce evidence establishing that the leaks were present during the lease term.

As for the other listed repairs, although Amazon was obligated to complete them under the terms of the lease, the record shows that its failure to do so did not cause END to suffer any damage. END does not dispute that it never actually completed the repairs before selling the property to new owners. Nor did END present evidence establishing that the uncompleted repairs negatively impacted the sale price. In fact, the record reflects that the new owners had an opportunity to request a concession for any defects discovered after inspection and did not make any such request. Thus, because END did not show that it suffered economic harm, it is not entitled to recover damages for any uncompleted repairs. *See Nev.*

*Cap. Ins. Co. v. Farmers Ins. Exch.*, 426 P.3d 32, *2 (Nev. Sept. 21, 2018) (unpublished) ("failure to establish 'the existence or cause of damage' will bar recovery") (quoting *Knier v. Azores Constr. Co.*, 368 P.2d 673, 675 (Nev. 1962)).

We reverse the district court's award of damages and remand for entry of judgment in Amazon's favor on END's breach of contract claim for uncompleted repairs exceeding normal wear and tear.

**3.** Amazon is entitled to recover on its counterclaim for the cost of the cooling units it replaced after the lease ended. Under Section 6.04 of the lease, if Amazon had to replace any item of equipment to bring that item up to the requisite standard of repair, it was entitled to reimbursement for any portion of the value of that item that would extend beyond the end of the lease. The district court found that Amazon replaced two cooling units, and the evidence introduced at trial established that those units were replaced after the end of the lease at a total cost of $18,670. Because the entire value of the replacement units necessarily extended beyond the end of the lease, Amazon is entitled to recover the replacement costs in full.

**4.** Amazon contends that on remand the case should be reassigned to a different district judge. Nothing in the record suggests the kind of personal bias or other unusual circumstances that would warrant reassignment. *See Smith v. Mulvaney*, 827 F.2d 558, 562–63 (9th Cir. 1987).

**5.** Given our conclusions above, we need not address the arguments that END raises on appeal in No. 21-15009.

We remand this case to the district court with instructions to (1) enter judgment in Amazon's favor on all of END's claims, and (2) enter judgment in Amazon's favor on its counterclaim in the amount of $18,670.

**REVERSED and REMANDED.**